IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HUNTER WYLIE § | |
| *Plaintiff* § | |
| § | |
| v. § | CIVIL CASE NO. |
| § | 1:24-cv-01512 |
| § | |
| BIG THIRST, INC. AND MATT § | JURY DEMANDED |
| MCGINNIS § | |
| *Defendants* § | |

**PLAINTIFF HUNTER WYLIE'S ORIGINAL COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW, Plaintiff, Hunter Wylie** (**"Plaintiff"** or **"Mr. Wylie"**) in the above-styled matter and files this *Plaintiff Hunter Wylie's Original Complaint*, with jury demand, against **Defendants Big Thirst, Inc. and Matt McGinnis** (collectively, **"Defendants"**). Plaintiff alleges breach of contract and unjust enrichment against Defendants. In support thereof, Plaintiff would respectfully show unto the Court as follows:

### I.   PARTIES

1. Hunter Wylie (**"Plaintiff,"** or **"Mr. Wylie"**) is an individual living in Marion County, Oregon.

2. Big Thirst, Inc. (**"Big Thirst"**) is a private corporation existing under the laws of the State of Delaware with its principal place of business in the State of Texas.

3. Matt McGinnis (**"Mr. McGinnis"**) is an individual and domiciled in the State of Texas. He may be served with process at 2101 Elton Lane, Austin, Texas 78703, or wherever he may lawfully be found.

1

## II. JURISDICTION AND VENUE

4. Venue is proper in the Western District of Texas because it is where a substantial part of the events or omissions giving rise to the claims occurred. 28 U.S.C § 1391(b)(2). The Western District of Texas is a judicial district where Defendants have committed acts of breach of contract and unjust enrichment and where they have an established place of business, so venue is also proper under 28 U.S.C. § 1400(b).

5. The Court has subject matter jurisdiction over the lawsuit under 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over Big Thirst because it has purposefully availed itself of the privileges and benefits of conducting business in Texas.

7. This Court has personal jurisdiction over Mr. McGinnis because he is domiciled in Texas and has purposefully availed himself of the privileges and benefits of conducting business in Texas.

## III. OPERATIVE FACTUAL BACKGROUND

8. Lauren Wylie Donoho (**"Mrs. Donoho"**) and Mr. McGinnis are co-founders of Big Thirst, an e-commerce company for clients in the liquor industry. In late 2020, Mrs. Donoho approached Mr. McGinnis about developing the innovative platform. During January 2021, Mrs. Donoho and Mr. McGinnis agreed to a 50/50 partnership to form Big Thirst and began working together on its development.

9. In January 2021, they contracted a financial advisor to build out their 3-year projections for Big Thirst. From January 2021 to October 6, 2021, Mrs. Donoho worked full-time on developing the tech stack, including the website bigthirst.com, the source code for the order management and fulfillment system, and all of Big Thirst's operations.

10.     Mr. McGinnis is the Chief Executive Officer (**"CEO"**) and majority shareholder of Big Thirst. As such, Mr. McGinnis is the principal operator of Big Thirst and personally makes decisions regarding, participates in, directs, exercises control over, and benefits from Big Thirst's unlawful activities.

11.     On or about July 19, 2021, Mr. Wylie loaned Mrs. Donoho, an officer of Big Thirst, the sum of $50,000 in order to serve as the initial capital investment in Big Thirst and finance all of its initial operations. Mrs. Donoho executed a Loan Agreement and Promissory Note on or about July 19, 2021 (the **"Contract"**) reflecting the terms of the $50,000 loan, including its repayment and interest terms.

12.     The $50,000 loan was always made with the parties' express understanding that the $50,000 would be used solely to finance Big Thirst's operations during its initial phase of business. In fact, Mr. McGinnis, on behalf of Big Thirst, expressly assumed the Contract the day after it was signed. Big Thirst and Mr. McGinnis (collectively, **"Defendants"**) confirmed their assumption of the Contract and Big Thirst's obligation to repay the $50,000 loaned by Mr. Wylie under oath on or about April 11, 2022. Mr. McGinnis on behalf of Big Thirst again confirmed his assumption of the Contract and Big Thirst's obligation to repay the $50,000 loaned by Mr. Wylie under oath on or about April 21, 2022.

13.     Accordingly, Defendants were obligated to repay the principal amount due under the Contract, plus any other interest, fees and charges under the terms and conditions set forth in the Contract. Pursuant to the terms of the Contract, monthly installments of $1,048.90 were to be made beginning on August 1, 2023. Yet, Defendants have failed to make a single payment under the Contract. Thus, Defendants have defaulted under the Contract by failing to pay the amounts due thereunder.

14. As of October 31, 2024, Defendants are indebted to Mr. Wylie in the amount of $75,846.41, plus any and all charges, interest, attorneys' fees and costs and any other fees and amounts owed pursuant to the Contract or by law. The Contract specifically provides for attorney's fees to be paid to the prevailing party.

15. Mr. Wylie attempted to settle this matter directly with Defendants, however they refused to abide by their contractual obligations. As a result, Mr. Wylie was forced to file this lawsuit and seek judicial relief in order to protect his interests.

### IV.   CAUSES OF ACTION

#### A.   BREACH OF CONTRACT

16. Plaintiff incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

17. The Contract constitutes a valid and binding contractual relationship between Plaintiff and Defendants.

18. Plaintiff duly performed all of his material obligations under the Contract.

19. Defendants materially breached, and continue to breach, their obligations under the Contract by failing and refusing to pay the amounts due and owing thereunder.

20. Plaintiff has made demand on Defendants, but they continue to breach the Contract by failing and refusing to pay the amounts due and owing thereunder.

21. As a direct and proximate result of Defendants' material breach, Plaintiff has been damaged and is entitled to judgment for the amounts due and owing under the Contract, plus accruing charges, interest, attorneys' fees and costs.

#### B.   UNJUST ENRICHMENT

22. Plaintiff incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

23. Defendants received a benefit from Plaintiff.

24. Defendants received this benefit through fraud, duress, or the taking of an undue advantage.

25. It would be unconscionable for Defendants to retain said benefit.

26. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been damaged and is entitled to judgment for the amounts wrongfully retained by Defendants.

27. Defendants committed the foregoing acts with malice. Therefore, Plaintiff is entitled to an award of exemplary damages.

## V.  JURY DEMAND

28. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## VI.  PRAYER

**WHEREFORE,** Plaintiff Hunter Wylie requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff have the following judgement:

   a. Judgment be entered against Defendants and in favor of Hunter Wylie for his actual damages on all of his claims;

   b. Lost profits;

   c. Exemplary damages;

   d. Pre-judgment interest at the maximum legal rate as provided by the contract or by law;

   e. Post-judgment interest at the maximum legal rate as provided by the contract or by law;

   f. Reasonable attorneys' fees;

   g. Costs of suit;

   h. All other relief to which Hunter Wylie may show himself entitled, either at law or in equity, either general or special, under the facts set forth in its claims.

Dated:  December 9, 2024.	Respectfully submitted,


                                                          By:/s/ *Lema Mousilli*
                                                          Lema Mousilli
                                                          Attorney-In-Charge
                                                          Texas Bar No. 24056016
                                                          S.D. Texas Bar No. 1358290
                                                          **MOUSILLI LAW, PLLC**
                                                          11807 Westheimer Road
                                                          Suite 550, PMB 624
                                                          Houston, TX 77077
                                                          Tel: (281) 305-9313
                                                          Email: lema@mousillilaw.com

                                                          **ATTORNEY FOR PLAINTIFF**