Case 1:24-cv-01512-DAE   Document 42-6   Filed 11/26/25   Page ...

1:24-CV-01512-DAE
Plaintiff
EXHIBIT
C

**From:** Matt McGinnis <matt@bigthirstmarketing.com>
**Sent:** Tuesday, July 13, 2021 9:25 AM
**To:** Kareem Hajjar <khajjar@legalstrategy.com>
**Cc:** Lauren Wylie <wylie@bigthirstmarketing.com>
**Subject:** RE: Next Steps with Big Thirst, Inc.

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Kareem,

Thanks for getting back to us. Here is additional information.

**Funding:**
(1)   First Lien: $250K SBA loan. Who will be the lender? – Frost Bank
(2)   Second Lien: $100K revolving line of credit. Who will be the lender? – TBD, but most likely Frost Bank
(3)   Unsecured: $50K loan. Who will be the lender? - Hunter Wylie (Lauren Wylie's Dad)

**Number of Shares**: Do you have an opinion on whether it is advantageous to increase the number of authorized shares from 1,000,000 to 10,000,000? Our intent is for it to be more appealing to investors to have a greater number of shares that should increase in value over time. If you agree that it is advantageous, we will move forward.

**Board Member Service Agreement:** We developed this using various examples we found online. Do you have a Board Service Agreement template that you prefer to use?
- Is the 500 shares of common stock awarded to each director a straight grant? Yes, it is a one-time straight grant awarded to compensate for services provided as a board member.
- Conditions and restrictions? We are open to your recommendations for typical conditions and restrictions. One condition that we would like to add is that stocks can not be exercised until the company has a liquidity event.
- Also, please explain the compensation for the sales of net bottles sold by his/her customer. I don't follow that. Our calculation for the commission is in the screen shot attached.

Thank you,

Matt
Matt McGinnis, President
**Big Thirst Marketing**
512-809-8712
Twitter | LinkedIn | Instagram



WYLIE 002

**From:** Kareem Hajjar <khajjar@legalstrategy.com>
**Sent:** Tuesday, July 13, 2021 8:05 AM
**To:** Matt McGinnis <matt@bigthirstmarketing.com>
**Cc:** Lauren Wylie <wylie@bigthirstmarketing.com>
**Subject:** RE: Next Steps with Big Thirst, Inc.

Good morning Matt – Please see my thoughts below, and I'm sorry this took a few days:

Hi Kareem,

We have decided to go in a slightly different direction for the start up of Big Thirst, Inc. Instead of raising money with equity financing in a seed round now, we are doing it all with debt financing. We are getting a loan for $50 that will be subordinated to a SBA loan of $250k and a $100k revolver.
***KTH – Let's break this down because it's important that I am 100% on the same page as you.
  1. First Lien: $250K SBA loan. Who will be the lender?
  2. Second Lien: $100K revolving line of credit. Who will be the lender?
  3. Unsecured: $50K loan. Who will be the lender? Hunter Wylie (Wylie's Dad)

That will be enough to get up and running. We will reassess the need for a larger raise using equity financing in a few months. This decision delays the need for us to have you work on Stock Purchase Agreements in the near term.
***KTH – Yes, it does!

However, we are still going to provide equity shares to board members as compensation. That brings up two questions:
  1. Does it cost a lot of money to amend the Certificate of Formation to increase the number of authorized shares from 1,000,000 to 10,000,000? If not, we may do that now. If it is costly, we may choose not to do it, or delay it. If we choose to do it later, but have already issued stock to board members, how do we handle it?
***KTH – It's a few hundred dollars. Not much at all. Let me know if you want us to do that. And, I HIGHLY recommend doing it before you give shares to any more people.

  2. We have prepared a draft Board Member Service Agreement (attached) that outlines duties and compensation. We intend to compensate board members with stock as outlined in this document. Please review this document and make recommendations for any changes necessary.
***KTH – I'm happy to review it in detail. But, I noticed that you are intending on giving 500 shares of common stock to each director. This is just a straight grant? No conditions? No restrictions? Just a straight grant? Also, please explain the compensation for the sales of net bottles sold by his/her customer. I don't follow that.

Anyway, before I take a deep dive into the Director Agreement, I want the feedback to the above.

WYLIE 003