IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HUNTER WYLIE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 1:24-cv-01512-ADA |
| | § | |
| BIG THIRST, INC. AND MATT | § | |
| MCGINNIS, | § | |
|     Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Defendants Big Thirst, Inc. and Matt McGinnis file this Reply in Support of their Motion for Summary Judgment (Doc. 39) and respectfully show:

## I.  INTRODUCTION

This case has always turned on one issue: whether Defendants ever agreed to be liable on Plaintiff's Note to his daughter. Plaintiff repeatedly represented—to defense counsel, to this Court, and in his pleadings—that he possessed a "smoking gun" email in which Defendants expressly assumed the Note the day after it was signed. After the Court gave him 30 days to locate it, he still produced nothing—because no such email exists.

Faced with that failure, Plaintiff has shifted to a "haystack" strategy: two declarations and hundreds of pages of exhibits, including prior pleadings, hearing transcripts, deposition excerpts, and business records. None contains a written, signed promise by Defendants to pay Plaintiff; none contains an oral promise to Plaintiff; and none satisfies any exception to the statute of frauds.

## II.  FACTS

Defendants incorporate by reference the factual background in their Motion for Summary

Judgment and address only Plaintiff's new assertions.

Plaintiff's response strings together texts and emails between Donoho and McGinnis and snippets from prior litigation. But virtually all of those communications are (1) between Donoho and McGinnis or third parties, not Plaintiff; (2) acknowledge that Donoho, not Defendants, borrowed the money; and (3) at most reflect an understanding that Donoho would be reimbursed for capital she contributed or expenses she paid on Big Thirst's behalf.

Defendants have gone through every exhibit attached to Plaintiff's response and provided an annotated Appendix to this Reply. The annotations show, page by page, that none of Plaintiff's cited materials contains (1) a communication to Plaintiff, (2) words of assumption, (3) any promise to sign a writing, or (4) any promise by Defendants to pay Plaintiff. Plaintiff wants to make the Court think there must be a needle in the haystack or make the haystack so big the Court won't go through it. The appendix shows Defendants have pulled the haystack apart straw by straw and there is no needle.

### III.   ARGUMENT AND AUTHORITIES

**A.   The Fatal Gap: No Promise to Plaintiff**

Plaintiff's entire case collapses on one simple fact: Defendants never communicated with Plaintiff. (Defs. M. for Summ. J., McGinnis Decl., ¶ 6.) They never promised him anything. They never agreed to pay him anything. They never agreed to sign anything for him.

Plaintiff's exhibits collectively fail to offer a single statement in which Defendants agreed to repay Plaintiff or assumed legal responsibility for his daughter's Note. Plaintiff's characterization of these documents is inaccurate and misleading; none contain "promissory words," none satisfy the statute of frauds, and none create a fact issue about any promise to Plaintiff.

B.   **The Statute of Frauds Bars Plaintiff's Contract Theory.**

Plaintiff's theory is that Defendants orally or implicitly agreed to pay his daughter's Note. That is exactly the type of alleged promise that falls within the statute of frauds. *See Dynegy, Inc. v. Yates*, 422 S.W.3d 638, 642–43 (Tex. 2013) (oral promise to pay another's attorney's fees barred). Plaintiff therefore had the burden to produce a written, signed assumption or to prove an exception to the statute of frauds. *Id.*

He has done neither. Months of litigation revolved around Plaintiff's assurance that an email existed proving an express assumption. He never produced it. It does not exist. Because Plaintiff has not offered any written, signed assumption of the debt, the statute of frauds warrants judgment as a matter of law.

C.   **Plaintiff Cannot Invoke Any Exception to the Statute of Frauds.**

   *1. Plaintiff waived exceptions to the statute of frauds by failing to plead them.*

The "main purpose" doctrine and promissory estoppel are "pleas in confession" or "matters in avoidance" to the statute of frauds, and the party relying on them has the burden of pleading and proof; failure to affirmatively plead them results in waiver. *See, e.g., Davis v. MSR Holdings, LLC*, No. 01-22-00451-CV, 2024 WL 3237623, *25 (Tex. App.—Houston [1st Dist.] June 28, 2024, pet. denied) (where main purpose doctrine and partial performance exceptions to the statute of frauds were not pleaded or tried by consent, party waived exceptions); *Dynegy, Inc. v. Yates*, 422 S.W.3d 638 (Tex. 2013) (plaintiff relying on "main purpose doctrine" must plead and prove exception); *Yumilicious Franchise, L.L.C. v. Barrie*, No. 3:13-CV-4841-L, 2015 WL 1822877 (N.D. Tex. Apr. 22, 2015) (discovery rule must be pleaded or is waived). Plaintiff has not pleaded the main purpose doctrine or promissory estoppel, and those arguments are waived.

*2. The "Main Purpose" Doctrine Does Not Apply.*

The main purpose doctrine is a narrow exception that allows enforcement of some oral promises to pay another's debt where: (1) the defendant makes a promise directly to the creditor – not another party -- to be primarily responsibility in itself to pay the debt; (2) there was consideration for the promise; and (3) the consideration was primarily for the promisor's own use and benefit. *See Flo Trend Systems, Inc. v. Allwaste, Inc.*, 948 S.W.2d 4, 9 (Tex. App.—Houston [14th Dist.] 1997, no writ); *Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 828 (Tex. 2012); *Dynegy*, 422 S.W.3d at 642–43.  Once a defendant shows the alleged oral promise falls within Tex. Bus. & Com. Code § 26.01(b)(2), the burden shifts to the plaintiff to plead and prove an exception like the main purpose doctrine. *Dynegy*, 422 S.W.3d at 642.

Here, Plaintiff cannot satisfy the doctrine's threshold requirement: a promise *directly to the creditor* – not another party -- to be primarily responsible for the debt.  In *Flo Trend Systems, Inc. v. Allwaste, Inc.*, 948 S.W.2d 4, 9 (Tex. App.—Houston [14th Dist.] 1997, no writ), the Houston Court of Appeals addressed this requirement directly. During the trial, the court held that the main purpose doctrine did not apply because Flo Trend produced no evidence that Allwaste intended to be liable to Flo Trend for Flo Trend's expenses. The attorney for Flo Trend admitted during the trial: "There will be no evidence that they agreed to pay us directly." The trial judge then stated: "That's going to be a problem with the main purpose doctrine." *Id*. at 9. During the appeal, the appellate court explained the critical distinction identified by the trial court: "In this case, appellant [Flo Trend] admitted there was no evidence of primary responsibility of Allwaste to pay Flo Trend directly. The only evidence presented was Allwaste would reimburse SRTS for expenses due Flo Trend." *Id.* at 9. The appellate court, accordingly, held that the main purpose doctrine did not apply and the alleged guaranty fell squarely within

Defendants' Reply in Support of Motion for Summary Judgment                                    4

the statute of frauds. *Id.*

Plaintiff does not claim—and no evidence shows—that McGinnis ever spoke to him or promised him anything. Most of Plaintiff's "evidence" consists of communications *between McGinnis and Donoho*, none of which are directed to Plaintiff. Texas courts applying the doctrine require a clear undertaking by the defendant *to the creditor* to become primarily liable on the debt. *See Flo Trend Systems, Inc.*, *supra*. *See also, Cruz*, 364 S.W.3d at 828–29; *Dynegy*, 422 S.W.3d at 642–43. There is no such undertaking here. Plaintiff has not offered evidence sufficient to raise a genuine issue of material fact on the first—and essential—element of the exception. Without evidence of a direct promise to the creditor creating primary responsibility, the main-purpose doctrine cannot apply as a matter of law. *Flo Trend Systems, Inc.*, *supra*.

Second, Plaintiff cannot satisfy the doctrine's consideration requirements. *Cruz* makes clear that the promisor must receive consideration "for the promise" itself. 364 S.W.3d at 828. There is no evidence that Plaintiff gave Defendants anything in exchange for an alleged agreement to assume the Note. Further, there was no consideration "primarily for the promisor's own use and benefit," as *Cruz* requires. 364 S.W.3d at 828. Donoho insisted on being on the loan personally; the funds were paid to her; only a portion of the funds were used to fund her capital investment in Big Thirst. Any benefit to Big Thirst from having a shareholder contribute capital was incidental and insufficient to invoke the main purpose doctrine.

Because Plaintiff cannot create a fact issue on any of the doctrine's elements—much less all three—the exception does not apply as a matter of law.

3. *Promissory Estoppel Does Not Apply.*

Plaintiff asserts, "Mr. McGinnis, both for himself and on behalf of Big Thirst, **did promise to sign the Note**." (Pl. Resp., ¶ 41, emphasis added.) He cites the same nearly-identical

paragraph in his and Donoho's declarations. But the assertion that McGinnis "promise[d] to sign the Note," does not accurately reflect the testimony cited. Plaintiff testifies:

> 6. Further, Mr. McGinnis, both for himself and on behalf of Big Thirst, did **promise—both orally and in writing—that Big Thirst would repay the loan**, knowing Plaintiff was relying on those statements. **Although Mr. McGinnis never made such payments**, the agreement that was the subject of the oral promise (the contract between Mrs. Donoho and myself) was in writing at the time Mr. McGinnis's oral promise was made.

Ex. 1, ¶ 6 (emphasis added). See also Ex. 2, ¶ 13.[1]

The "evidence" Plaintiff cites to show that McGinnis promised to sign the Note does not have anything to do with a promise to sign the note. Further, none of the declarations, emails, texts, or testimony states that McGinnis agreed to sign any writing, much less an assumption agreement running to Plaintiff. There is simply no evidence of a promise by Defendants to execute a compliant writing. Without that, promissory estoppel cannot defeat the statute of frauds. *See Fuller v. Wholesale Elec. Supply Co. of Houston, Inc.*, 631 S.W.3d 177, 187 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) ("Promissory estoppel sufficient to remove a contract from the statute of frauds requires that the promisor agreed to sign a document that already had been prepared, or upon whose wording the parties already had agreed, that would satisfy the statute of frauds.").

**D.      Plaintiff's Declarations Deliberately Obfuscate and Mislead**

Plaintiff and Donoho use the same carefully worded phrases in their declarations, often coupled with citations that do not support the legal conclusions they draw.

For example, both declare that McGinnis "promise[d]—both orally and in writing—that Big Thirst would repay the loan." (Ex. 1 ¶ 6; Ex. 2 ¶ 13.) Tellingly, they carefully avoid saying

---

[1] Donoho's testimony in that paragraph starts off the same but ends, "**Although he never did,** the agreement that was the subject of the oral promise (the contract between Plaintiff and myself) was in writing at the time Mr. McGinnis's oral promise was made." Ex. 2, ¶ 13 (emphasis added).

Defendants' Reply in Support of Motion for Summary Judgment                                                        6

under penalty of perjury that McGinnis promised to pay Plaintiff as opposed to Donoho, because it would be untrue. They do not identify the date, the audience, the specific words used, or any writing containing such promise to Plaintiff. The exhibits they cite do not show any promise to Plaintiff at all.

They also claim that McGinnis "expressly assumed the Note" via an email and a text message the day after the Note was signed. (Ex. 1, ¶ 5; Ex. 2, ¶ 12.) The email (Ex. D) merely reflects McGinnis's review of the loan documents and confirms that Donoho will be "paying the interest out of pocket." The text (Ex. E) contains no assumption language at all. Calling these "express assumptions" is simply inaccurate. See Defs. M. for Summ. J., p. 7, ¶¶ 22-24.

Likewise, Donoho cites prior testimony from McGinnis and asserts that "Defendants further confirmed their assumption of the Note." (Ex. 1 ¶ 8; Ex. 2 ¶ 15.) The cited transcript pages show only that Donoho used loan proceeds for Big Thirst's startup costs and that she sought reimbursement for those expenditures. They do not show Defendants agreeing to repay Plaintiff, do not include any promise to be primarily responsible for Plaintiff's debt, and do not reference any assumption language. See Defs. M. for Summ. J., p. 10, ¶¶ 32-34.

Finally, both declarations conclude that "Defendants were obligated to repay" and "defaulted under the Note." (Ex. 1 ¶ 9; Ex. 2 ¶ 16.) Those are pure legal conclusions, flatly inconsistent with the Note itself and unsupported by any communication from Defendants to Plaintiff. Conclusory assertions cannot create a fact issue under Rule 56.

Defendants object to these statements as conclusory, argumentative, and inconsistent with the cited evidence, and ask the Court to disregard them. Further, these statements are not based on personal knowledge (i.e., "McGinnis told me X") but are merely counsel's arguments recast as "facts."

### E. Agency, Ratification, and Individual Liability Theories Fail.

*1. Donoho signed individually.*

The Note identifies the "BORROWER" as "Lauren Wylie Donoho." Ex. A. She signed her own name, not "Big Thirst, Inc. by Donoho." There is no representative title. She did not sign on behalf of Big Thirst. *See First State Bank of Riesel v. Dyer*, 151 Tex. 650, 254 S.W.2d 92, 94–95 (1953) (holding that where a lender knew the identities of all partners but took a note signed only in one partner's individual name, the non-signing partner and partnership were not liable.) Further, parol evidence cannot be used to rewrite the Note or to transform Donoho's personal signature into a corporate obligation Big Thirst never undertook. Finally, Plaintiff failed to plead this argument, and it is waived.

*2. Big Thirst did not ratify a personal note.*

Big Thirst accepted capital contributions from Donoho. That does not ratify a separate loan between Plaintiff and Donoho. Corporate acceptance of shareholder capital does not transform the corporation into a guarantor of the shareholder's personal debt. Further, Plaintiff failed to plead this argument, and it is waived.

*3. McGinnis is not personally liable.*

Plaintiff's claims fail against McGinnis individually. First, the claims fail for the same reasons that claims against Big Thirst fail (statute of frauds, no exception, no elements of unjust enrichment, unjust enrichment not independent claim, etc.) Additionally, Plaintiff has not pleaded any veil-piercing theory or other basis to disregard the corporate form. McGinnis is therefore entitled to summary judgment in his individual capacity.

### F. Unjust Enrichment Fails as a Matter of Law.

*1. Unjust enrichment is not a stand-alone claim.*

"[U]njust enrichment is not an independent cause of action but is instead a theory upon which an action for restitution may rest." *Roach v. Berland*, 2015 WL 5097987, at *2 (N.D. Tex. Aug. 31, 2015). See also the cases cited in Defendants' Motion for Summary Judgment. Plaintiff attempts to add a claim of "quantum meruit" in Plaintiff's Response, but Plaintiff never pleaded "quantum meruit." *See, e.g.*, *Centex Corp. v. Dalton*, 840 S.W.2d 952, 955 (Tex. 1992) ("[Plaintiff] did not plead [quantum meruit], and a judgment must be based upon pleadings.").

*2. Any alleged benefit was already paid for.*

Plaintiff claims Big Thirst was enriched by Donoho's capital contributions. Even if true, Big Thirst already compensated her: a $370,000 settlement payment; forgiveness of $80,000 in sanctions; and a release of all claims. Requiring Big Thirst to also pay Plaintiff would constitute double payment for the same alleged benefit.

*3. Unjust enrichment cannot circumvent the statute of frauds.*

A plaintiff who has had its breach of contract claim barred by the statute of frauds cannot avoid that result with a claim for unjust enrichment, otherwise the statute of frauds becomes meaningless. *Moore v. Bearkat Energy Partners, LLC*, No. 10-17-00001-CV, 2018 WL 683754, at *8-9 (Tex. App.—Waco Jan. 31, 2018, no pet.).

*4. Plaintiff has no evidence of unjust enrichment elements.*

In order for unjust enrichment to apply, one person has to "obtain a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (emphasis added). Plaintiff has offered no evidence that Defendants obtained a benefit from Plaintiff. The loan was to Donoho, the money was paid into

her account, and she used part of it to make her capital investment in the company. Defendants never even got the $50,000. She contributed two $10,000 deposits and spent approximately $23,000 more on Big Thirst's behalf from her personal account. Defs. M. for Summ. J., McGinnis Decl., ¶ 5.

Plaintiff has also offered no evidence that there was fraud, duress or undue advantage. Defendants had no communication with Plaintiff. Defendants thus could not have committed fraud, put Plaintiff under duress, or taken undue advantage of him. Plaintiff offers no evidence to raise a genuine issue of material fact as to the elements of unjust enrichment.

### G. Appendix: Demonstrating the Haystack Problem

Plaintiff attached hundreds of pages to his response in support, as if to argue, "Judge, look we attached hundreds of pages here…there has to be a fact issue in this stuff somewhere!" But not a single declaration, email, text message, or transcript Plaintiff attached establishes the essential element that Plaintiff lacks – a written and signed assignment satisfying the statute of frauds. Because Plaintiff cites hundreds of pages of documents—none containing a promise to Plaintiff—Defendants submit an annotated Appendix showing, on each cited page, annotations such as: "Not a communication to Plaintiff," "No words of assumption," "Refers to Donoho's obligations," "No promise to pay Plaintiff." The Appendix makes it visually unavoidable that Plaintiff has no evidence defeating Defendants' motion.

### IV. CONCLUSION AND PRAYER

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Summary Judgment in full and award Defendants all further relief to which they are justly entitled.

Dated: December 3, 2025                    Respectfully Submitted,

                                                                        */s/John W. Thomas*
                                                                        JOHN W. THOMAS
                                                                        State Bar No. 19856425
                                                                        THOMAS WILLIAMS MCCONNELL PLLC
                                                                        2104 San Antonio Street
                                                                        Second Floor
                                                                        Austin, Texas 78701
                                                                        Telephone: (512) 495-1447
                                                                        Email: jt@twmattorneys.com

                                                                        *ATTORNEY FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record listed below via e-mail and through the Court's e-filing portal on December 3, 2025.

    Lema Mousilli
    MOUSILLI LAW, PLLC
    11807 Westheimer Road
    Suite 550, PMB 624
    Houston, TX 77077
    Telephone: (281) 305-9313
    Email: lema@mousillilaw.com
    *Attorney for Plaintiff*

                                                                       */s/ John W. Thomas*
                                                                       John W. Thomas