**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **HUNTER WYLIE,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 1:24-CV-01512-DAE** |
| | § | |
| | § | **(JURY DEMANDED)** |
| **BIG THIRST, INC. and MATT** | § | |
| **MCGINNIS,** | § | |
| *Defendants*. | § | |

---

**PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE
DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
AND REPLY EXHIBITS**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiff, Hunter Wylie ("**Plaintiff**"), in the above-styled and numbered cause, and respectfully file this *Plaintiff's Motion to Strike Defendants' Reply in Support of Motion for Summary Judgment* (the "**Motion**"; "**Reply**" (D.I. 43)), respectfully requesting this Honorable Court to grant the Motion and strike Defendants, Big Thirst, Inc. ("**Big Thirst**") and Matt McGinnis's ("**Mr. McGinnis**"), Reply, the attached appendix, and all attached exhibits, including for those reasons set forth hereinbelow, and, in support thereof, would respectfully show unto this Honorable Court as follows:

## <u>TABLE OF CONTENTS</u>

Table of Contents ...................................................................................................................ii

Table of Authorities ...........................................................................................................iii

   **A.**  Cases ...........................................................................................................iii

   **B.**  Rules .............................................................................................................v

   **C.**  Treatises .......................................................................................................v

I.    Introduction .................................................................................................1

II.   Issues Presented ..........................................................................................2

III.  Arguments and Authorities .........................................................................2

  A.  Defendants Failed to Provide Competent Summary Judgment Evidence ..........2

    1.  Legal Principles ...................................................................................2

    2.  Defendants' Appendix Must be Struck ................................................3

IV.  Conclusion and Prayer for Relief ...............................................................7

<u>**TABLE OF AUTHORITIES**</u>

**A.** <u>Cases</u>

*Air Evac EMS, Inc. v. Sullivan*,
    331 F. Supp. 3d 650 (W.D. Tex. 2018), *aff'd*, 8 F.4th 346 (5th Cir. 2021) ............................... 4
*Air Evac EMS, Inc. v. Sullivan*,
    8 F.4th 346 (5th Cir. 2021) ............................................................................................... 4
*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ............................................................ 3
*Ardoin v. Formosa Plastics Corp.*,
    884 F. Supp. 209 (M.D. La. 1994), *aff'd sub nom. Ardoin v. Formosa Plastics Corp.,
    Louisiana*, 99 F.3d 1134 (5th Cir. 1996) ............................................................................... 3
*Ardoin v. Formosa Plastics Corp., Louisiana*,
    99 F.3d 1134 (5th Cir. 1996) .............................................................................................. 3
*Badon v. Dolgencorp*,
    No. 21-CV-01525, 2022 WL 7734636 (W.D. La. Oct. 12, 2022) ............................................ 3
*Bastida v. Aznaran*,
    444 S.W.3d 98 (Tex. App.—Dallas 2014, *no pet.*) .................................................................. 2
*Bellard v. Gautreaux*,
    675 F.3d 454 (5th Cir. 2012) ............................................................................................... 4
*Big Thirst, Inc. v. Lauren Wylie Donoho*,
    No. 1:22-CV00467-RP, in the Austin Division for the United States District Court for the
    Western District of Texas ................................................................................................ 1
*Big Thirst, Inc. v. Lauren Wylie Donoho*,
    No. D-1-GN-22-001678, in the 495th Judicial District Court of Travis County, Texas ........... 1
*Blue Spike, LLC v. Audible Magic Corp.*,
    No. 6:15-CV-584, 2016 WL 3653516 (E.D. Tex. May 31, 2016) ............................................ 3
*Doctors Hosp. of Laredo v. Cigarroa*,
    782 F. Supp. 3d 406 (W.D. Tex. 2025) .................................................................................. 4
*Dugas v. Ace Am. Ins. Co.*,
    468 F. Supp. 3d 769 (W.D. La. 2020) .................................................................................. 6
*Eberstein v. Hunter*,
    260 S.W.3d 626 (Tex. App.—Dallas 2008, *no pet.*) ................................................................ 2
*Erwin v. Metalcraft of Mayville, Inc.*,
    No. 3:23-CV-1561-K, 2025 WL 1146639 (N.D. Tex. Mar. 20, 2025), *report and
    recommendation adopted*, No. 3:23-CV-1561-K, 2025 WL 1334064 (N.D. Tex. May 7, 2025)
    ................................................................................................................................... 3
*Erwin v. Metalcraft of Mayville, Inc.*,
    No. 3:23-CV-1561-K, 2025 WL 1334064 (N.D. Tex. May 7, 2025) ........................................ 3
*Evans v. Miley*,
    694 F. Supp. 3d 755 (E.D. Tex. 2023) ............................................................................ 6, 7
*Fortitude Energy, LLC v. Sooner Pipe LLC*,
    564 S.W.3d 167 (Tex. App.—Houston [1st Dist.] 2018, *no pet.*) .............................................. 4
*Goodman v. Hewlett-Packard Co.*,
    393 F. Supp. 3d 580 (S.D. Tex. 2018) .................................................................................. 3

*Grotts v. State Farm Lloyds*,
  No. 4:22-CV-02806, 2025 WL 963081 (S.D. Tex. Mar. 30, 2025)..............................................2

*Hou–Tex, Inc. v. Landmark Graphics*,
  26 S.W.3d 103 (Tex. App.—Houston [14th Dist.] 2000, *no pet.*) .............................................2

*In Est. of Guerrero*,
  465 S.W.3d 693 (Tex. App.—Houston [14th Dist.] 2015, *pet. denied*) (*en banc*) ............5, 6, 7

*Manuel v. State*,
  357 S.W.3d 66 (Tex. App.—Tyler 2011) .....................................................................................6

*Martin v. John W. Stone Oil Distrib., Inc.*,
  819 F.2d 547 (5th Cir. 1987)........................................................................................................6

*Nucor Corp. v. Requenez*,
  578 F.Supp.3d 873 (S.D. Tex. Jan. 4, 2022) ...........................................................................4, 5

*Olabisiomotosho v. City of Houston*,
  185 F.3d 521 (5th Cir. 1999)........................................................................................................2

*Paz v. Brush Engineered Materials, Inc.*,
  555 F.3d 383 (5th Cir. 2009)........................................................................................................4

*Purple Martin Land Co., LLC v. Offord*,
  694 S.W.3d 900 (Tex. App.—Houston [14th Dist.] 2024, *no pet.*) ...........................................7

*Republic Nat'l Leasing Corp. v. Schindler*,
  717 S.W.2d 606 (Tex. 1986) (*per curiam*) .................................................................................5

*Ryland Group, Inc. v. Hood*,
  924 S.W.2d 120 (Tex. 1996)........................................................................................................2

*S. Concrete Co. v. U.S. Steel Corp.*,
  394 F. Supp. 362 (N.D. Ga. 1975), *aff'd*, 535 F.2d 313 (5th Cir. 1976)....................................5

*S. Concrete Co. v. U.S. Steel Corp.*,
  535 F.2d 313 (5th Cir. 1976)........................................................................................................5

*Sanford v. State*,
  No. 12-08-00012-CR, 2009 WL 3161505 (Tex. App.—Tyler Sept. 30, 2009, *pet. ref'd*) (*mem.
  op., not designated for publication*) ............................................................................................6

*Shea v. State*,
  167 S.W.3d 98 (Tex. App.—Waco 2005, *pet. ref'd*) .................................................................6

*Singh v. Singh*,
  No. 14-24-00332-CV, 2025 WL 2048199 (Tex. App.—Houston [14th Dist.] July 22, 2025, *no
  pet. h.*) .........................................................................................................................................6

*Smiley Dental-Bear Creek, P.L.L.C. v. SMS Fin. LA, L.L.C.*,
  No. 01-18-00983-CV, 2020 WL 4758472 (Tex. App.—Houston [1st Dist.] Aug. 18, 2020, *no
  pet.*) .............................................................................................................................................4

*Spoon v. Bayou Bridge Pipeline, LLC*,
  682 F. Supp. 3d 594 (M.D. La. 2023) .........................................................................................3

*Stewart v. Sanmina Tex. L.P.*,
  156 S.W.3d 198 (Tex. App.—Dallas 2005, *no pet.*)..................................................................2

*Tex. Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc.*,
  324 S.W.3d 305 (Tex. App.—El Paso 2010, *pet. denied*) .........................................................4

*Turner v. Baylor Richardson Med. Ctr.*,
  476 F.3d 337 (5th Cir. 2007)........................................................................................................4

*United Blood Services v. Longoria*,
  938 S.W.2d 29 (Tex. 1997).........................................................................................................4

*United States v. Chin*,
    371 F.3d 31 (2d Cir. 2004)..........................................................................................6
*Vice v. Kasprzak*,
    318 S.W.3d 1 (Tex. App.—Houston [1st Dist.] 2009, *pet. denied*)............................2
*Volkswagen of America, Inc. v. Ramirez*,
    159 S.W.3d 897, 907 (Tex. 2004)................................................................................7

## B.  Rules

FEDERAL RULE OF CIVIL PROCEDURE 56........................................................................1, 3, 4, 5
TEXAS RULE OF CIVIL PROCEDURE 166a(f)........................................................................2, 4
TEXAS RULE OF EVIDENCE 801(d).........................................................................................7
TEXAS RULE OF EVIDENCE 901(a).....................................................................................6, 7
TEXAS RULE OF EVIDENCE 902 ...........................................................................................7

## C.  Treatises

10B Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2738 (3d ed. 1998 & Supp. Apr.
    2021) ......................................................................................................................4
*Peter T. Hoffman*, TEXAS RULES OF EVIDENCE HANDBOOK,
    Article IX, p. 948 (8th ed. 2008-09) .........................................................................6
*Steven Goode*, The Admissibility of Electronic Evidence,
    29 REV. LITIG. 1, 10 (Fall 2009) ..............................................................................6

## I. <u>INTRODUCTION</u>

1.    This action stems from Defendants Big Thirst and McGinnis's (collectively, "**Defendants**"), outright refusal to abide by their obligations to repay the $50,000.00 loaned to them by Plaintiff based solely upon a vendetta that Defendants possess against Plaintiff's daughter Lauren Wylie Donoho ("**Mrs. Donoho**") due to prior litigation amongst those parties.[1] Not only was it everyone's understanding, including Mr. McGinnis, that the $50,000.00 to be transferred under the Loan Agreement and Promissory Note ("**Note**"; *see* **Exhibit A**[2]) was for Big Thirst, Inc., specifically for "investment," Defendants also assumed the Note in writing, and Mr. McGinnis confirmed this assumption of the Note under oath multiple times in the prior state court proceeding.

2.    Simply put, Defendants' Reply is improper, including because it relies on improper summary judgment evidence and only on unsupported attorney argument. The statute of frauds may be satisfied through multiple writings read together; it does not require a single formal writing, which may be satisfied through sworn testimony or a memorandum reflecting the essential terms. Defendants now seek to evade their contractual and legal obligations to Plaintiff based upon selective citations to certain evidence, but has failed to provide any proper, credible summary judgment evidence. More specifically, Defendants fail to provide such evidence sufficient to create a genuine dispute as to any material fact. FED. R. CIV. P. 56.

3.    For these reasons alone, Plaintiff's Motion must be granted and Defendants' Reply, and the appendix and evidences attached thereto, must be stricken from the record.

---

[1] *See, e.g.*, *Big Thirst, Inc. v. Lauren Wylie Donoho*, No. 1:22-CV00467-RP, in the Austin Division for the United States District Court for the Western District of Texas (WYLIE 161-WYLIE 170), as removed from *Big Thirst, Inc. v. Lauren Wylie Donoho*, No. D-1-GN-22-001678, in the 495th Judicial District Court of Travis County, Texas.

[2] The references to Exhibits herein are to those properly presented summary judgment evidence of record.

## II.    ISSUES PRESENTED

4.    Whether Defendants have met their burden on summary judgment to provide proper, competent summary judgment evidence comprising admissible evidence that the Court may properly consider.

## III.    ARGUMENTS AND AUTHORITIES

### A. Defendants Failed to Provide Competent Summary Judgment Evidence

#### 1.    *Legal Principles*

5.    Summary judgment evidence may be found substantively defective, rendering the evidence legally insufficient, and includes affidavits which are nothing more than legal or factual conclusions. *Grotts v. State Farm Lloyds*, No. 4:22-CV-02806, 2025 WL 963081, *5 (S.D. Tex. Mar. 30, 2025); *see Bastida v. Aznaran*, 444 S.W.3d 98, 105 (Tex. App.—Dallas 2014, *no pet.*) (*citing Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 206 (Tex. App.—Dallas 2005, *no pet.*); *Hou–Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 112 (Tex. App.—Houston [14th Dist.] 2000, *no pet.*)). "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Bastida*, 444 S.W.3d at 105 (*citing Eberstein v. Hunter*, 260 S.W.3d 626, 630 (Tex. App.—Dallas 2008, *no pet.*)). "Conclusory allegations, speculation, and unsubstantiated assertions are not evidence." *Grotts*, 2025 WL 963081 at *5 (*quoting Olabisiomotosho v. City of Housto*n, 185 F.3d 521, 525 (5th Cir. 1999)); *see Bastida*, 444 S.W.3d at 105 (*citing Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) ("Conclusory statements in affidavits are not competent evidence to support summary judgment because they are not credible or susceptible to being readily controverted."); *Eberstein*, 260 S.W.3d at 630); *Vice v. Kasprzak*, 318 S.W.3d 1, 11, fn. 5 (Tex. App.—Houston [1st Dist.] 2009, *pet. denied*) ("[C]onclusory and self-serving affidavits submitted as summary judgment evidence by either the movant or the non-movant are not counted as summary judgment evidence.") (*citing* TEX. R. CIV. P. 166a(f) (supporting affidavit must set

forth such facts as would be admissible in evidence).

6.     "Attorney argument is insufficient to preclude summary judgment." *Goodman v. Hewlett-Packard Co.*, 393 F. Supp. 3d 580, 591 (S.D. Tex. 2018) (*citing Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584, 2016 WL 3653516, *4 (E.D. Tex. May 31, 2016)); *Spoon v. Bayou Bridge Pipeline, LLC*, 682 F. Supp. 3d 594, 629 (M.D. La. 2023) (*citing Badon v. Dolgencorp*, No. 21-CV-01525, 2022 WL 7734636, *3 (W.D. La. Oct. 12, 2022) (*citing Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)) ("Unsupported arguments and representations of counsel in a brief are not competent summary judgment evidence.")). Moreover, "[a] party may not defeat a motion for summary judgment merely by relying on his pleadings or arguments made in a brief." *Ardoin v. Formosa Plastics Corp.*, 884 F. Supp. 209, 213 (M.D. La. 1994), *aff'd sub nom. Ardoin v. Formosa Plastics Corp., Louisiana*, 99 F.3d 1134 (5th Cir. 1996).

7.     Here, the evidence provided by Defendant with its Response comprises a collection of improper, unauthenticated documents and unsupported attorney argument. *See* Appendix; Defendants' Reply. Defendants fail to provide any affidavit or other competent summary judgment evidence which authenticates and proves admissibility for anything in Defendants' Appendix.

### 2.     Defendants' Appendix Must be Struck

8.     Defendants fail to authenticate any of the documents in the Appendix, or otherwise provide sufficient support for their admissibility and consideration as proper evidence on summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Even where a document is provided pursuant to FEDERAL RULE OF CIVIL PROCEDURE 56, this does not eliminate the requirement for authentication and admissibility. *Erwin v. Metalcraft of Mayville, Inc.*, No. 3:23-CV-1561-K, 2025 WL 1146639, *9 (N.D. Tex. Mar. 20, 2025), *report and recommendation adopted*, No. 3:23-CV-1561-K, 2025 WL 1334064 (N.D. Tex. May 7, 2025) (*citing King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)); *see In re Longoria*, 470 S.W.3d 616, 630

(Tex. App.—Houston [14th Dist.] 2015, *no pet.*)). Absent the foregoing, the document is improper summary judgment evidence and must be struck – FEDERAL RULE OF CIVIL PROCEDURE 56(c)(2) and (4) specify that summary judgment evidence must be properly authenticated and otherwise admissible. *See* FED. R. CIV. P. 56(c). Thus, to be considered by the trial court, or the reviewing court, summary judgment evidence must be admissible under the same standards required of evidence introduced at trial. *See Doctors Hosp. of Laredo v. Cigarroa*, 782 F. Supp. 3d 406, 432 (W.D. Tex. 2025) (*quoting Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012); FED. R. CIV. P. 56(c)(1)(A)); *Nucor Corp. v. Requenez*, 578 F.Supp.3d 873, 904, fn.243 (S.D. Tex. Jan. 4, 2022) (*quoting Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 387-388 (5th Cir. 2009) ("The admissibility of evidence is governed by the same rules, whether at trial or on summary judgment.")); *see also Tex. Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc.*, 324 S.W.3d 305, 310 (Tex. App.—El Paso 2010, *pet. denied*) (*citing United Blood Services v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997)); *Smiley Dental-Bear Creek, P.L.L.C. v. SMS Fin. LA, L.L.C.*, No. 01-18-00983-CV, 2020 WL 4758472, *3 (Tex. App.—Houston [1st Dist.] Aug. 18, 2020, *no pet.*) (*citing* TEX. R. CIV. P. 166a(f); *Fortitude Energy, LLC v. Sooner Pipe LLC*, 564 S.W.3d 167, 178 (Tex. App.—Houston [1st Dist.] 2018, *no pet.*)). Here, there is simply no supporting affidavit, nor any evidence, which purports to establish any facts supporting admissibility of any exhibit in the Appendix.

9.     "[C]onclusory and self-serving statements in an affidavit do not suffice to defeat summary judgment." *Nucor*, 578 F.Supp.3d at 905-906; *see Air Evac EMS, Inc. v. Sullivan*, 331 F. Supp. 3d 650, 658 (W.D. Tex. 2018), *aff'd*, 8 F.4th 346 (5th Cir. 2021) (*citing Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). "[T]he mere reargument of a party's case or the denial of an opponent's allegations will be disregarded." *Nucor*, 578 F.Supp.3d at 905-906, fn.257 (*quoting* 10B Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2738 (3d ed. 1998 & Supp. Apr. 2021)). "While the court

may strike or disregard the inadmissible portions of such affidavit not in conformity with the rule and consider the rest of the affidavit, the entire affidavit may be disregarded if inadmissible matter is so interwoven or inextricably combined with the admissible portions that it is impossible, in the practical sense, to separate them." *S. Concrete Co. v. U.S. Steel Corp.*, 394 F. Supp. 362, 380–381 (N.D. Ga. 1975), *aff'd*, 535 F.2d 313 (5th Cir. 1976).

10.  "Although Plaintiff's motion to strike was filed after Plaintiff's motion for summary judgment was submitted to the Court for consideration, the Court must address Plaintiff's motion to strike before considering summary judgment because it attacks the available evidence before the Court under Federal Rule of Civil Procedure 56(c)." *Nucor*, 578 F.Supp.3d at 903-904 (*citing* Fed. R. Civ. P. 56(c)).

11.  Here, under Defendants' own admissions, Defendants are not providing anything in the Appendix in support of their summary judgment, nor are they pointing to any judicial admissions therein. *See* Appendix to Reply (D.I. 43-1) (noting Appendix is "not [filed] as evidence supporting their motion"). Nor is Defendants' submission anything other than an attempt to end-run the Court's page limits by placing unsupported attorney arguments into an alleged "Appendix" full of what should be in Defendants' Reply, in clear violation of applicable rules.

12.  Moreover, as provided, Exhibit A is unauthenticated, and Defendants have provided nothing to support the qualification of anything in the Appendix as competent summary judgment evidence. Simply put, Defendant fails to satisfy even the minimum bar for Exhibit A. "Under the summary judgment standard, copies of documents must be authenticated in order to constitute competent summary judgment evidence." *In Est. of Guerrero*, 465 S.W.3d 693, 703 (Tex. App.— Houston [14th Dist.] 2015, *pet. denied*) (*en banc*) (*citing Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986) (*per curiam*)). "At the summary judgment stage, 'unsworn documents that cannot be presented in a form that would be admissible in evidence at

trial do not qualify as competent opposing evidence.'" *Evans v. Miley*, 694 F. Supp. 3d 755, 764

(E.D. Tex. 2023) (*quoting Dugas v. Ace Am. Ins. Co.*, 468 F. Supp. 3d 769, 772 (W.D. La. 2020)

(*citing Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987)). In *Manuel*,

the Tyler Court of Appeals effectively summarized the requirements for authentication in Texas:

> The issue of authentication arises when, as in this case, "the relevancy of any evidence depends upon its identity, source, or connection with a particular person place, thing, or event." *Shea v. State*, 167 S.W.3d 98, 104 (Tex. App.— Waco 2005, *pet. ref'd*). "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX. R. EVID. 901(a) (emphasis added). Rule 901 "does not erect a particularly high hurdle, and that hurdle may be cleared by circumstantial evidence." *Peter T. Hoffman*, TEXAS RULES OF EVIDENCE HANDBOOK, Article IX, p. 948 (8th ed. 2008-09) (*quoting United States v. Chin*, 371 F.3d 31, 37 (2d Cir. 2004)). The proponent of the evidence does not need "to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *Id*. (*quoting Chin*, 371 F.3d at 37). The proponent must only produce sufficient evidence that a reasonable fact finder could properly find genuineness. *Sanford v. State*, No. 12-08-00012-CR, 2009 WL 3161505, *2 (Tex. App.—Tyler Sept. 30, 2009, *pet. ref'd*) (*mem. op., not designated for publication*).
>
> Authentication can be accomplished in various ways. For example, evidence may be authenticated by testimony from a witness with knowledge that a matter is what it is claimed to be. TEX. R. EVID. 901(b)(1). Evidence may also be authenticated by "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." TEX. R. EVID. 901(b)(4). Generally, these two rules are the most common authentication techniques used for e-mail, websites, text messages, and other electronic evidence. *See Steven Goode*, The Admissibility of Electronic Evidence, 29 REV. LITIG. 1, 10 (Fall 2009) (discussing authentication of e-mails, websites, instant and text messages, chat room postings, digital photography, and computer animations or simulations).

*Manuel v. State*, 357 S.W.3d 66, 74-75 (Tex. App.—Tyler 2011) (emphasis added). "Affidavits

stating that documents or other items are true and correct copies of the originals are commonly

used to authenticate evidence." *Singh v. Singh*, No. 14-24-00332-CV, 2025 WL 2048199, *6 (Tex.

App.—Houston [14th Dist.] July 22, 2025, *no pet. h.*) (*citing Guerrero*, 465 S.W.3d at 704); *see*

*Evan*s, 694 F.Supp.3d at 765.

13.  Here, not even a basic attempt at such an affidavit has been provided by Defendants, and,

thus, Defendants' "exhibits" in their alleged "Appendix" each lack any sufficient basis for consideration as summary judgment evidence. "Under the summary judgment standard, copies of documents must be authenticated in order to constitute competent summary judgment evidence." *Purple Martin Land Co., LLC v. Offord*, 694 S.W.3d 900, 905 (Tex. App.—Houston [14th Dist.] 2024, *no pet.*) (*citing Guerrero*, 465 S.W.3d at 703; *quoting* TEX. R. EVID. 901(a) & 902); *see Evan*s, 694 F.Supp.3d at 765. Nothing provided by Defendants offer any "indicia that the materials submitted are in fact" copies of any documents or that they "establish that the Exhibits were sourced from" any specific place beyond Defendants' creation.

14.   The Appendix further comprises hearsay without any exception shown. Hearsay is defined as an out-of-court statement offered in evidence to prove the truth of the matter asserted. *Evans*, 694 F. Supp. 3d at 765; *see Volkswagen of America, Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004) (*citing* TEX. R. EVID. 801(d)). Here, the statements made in the Appendix are statements made out of court which Defendants purport to use for the truth of the matters stated therein, including in support of their Reply and motion for summary judgment. This is inadmissible hearsay and must be struck as such.

15.   Thus, the Appendix to Defendants' Reply is inadmissible and must be struck.

### IV.   CONCLUSION AND PRAYER FOR RELIEF

NOW WHEREFORE, for at least those reasons stated in this response, Defendants have failed to meet their burden on summary judgment, and, thus, Plaintiff hereby respectfully requests this Honorable Court strike Defendants' Appendix to its Reply and deny Defendants' motion for summary judgment in its entirety. Plaintiff prays for such other and further relief, whether general or special, at law or in equity, to which Plaintiff may be shown to be justly entitled.

DATED: December 11, 2025                Respectfully submitted,

                                                                    Mousilli Law, PLLC

BY:    */s/ Shea N. Palavan*
       Shea N. Palavan
         TX Bar No. 24083616
       Lema Mousilli
         TX Bar No. 24056016
       11807 Westheimer Road
       Suite 550, PMB 624
       Houston, Texas 77077
       Tel: (281) 305-9313
       service@mousillilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served to counsel of record, in accordance with the governing rules of procedure regarding service on this December 11, 2025, via electronic filing manager as follows:

John W. Thomas
**THOMAS WILLIAMS MCCONNELL PLLC**
2104 San Antonio St., 2nd Floor
Austin, Texas 78701
Tel: (512) 495-1447
jt@twmattorneys.com

Attorney for Defendants,
Big Thirst, Inc. and Matt McGinnis

*/s/ Shea N. Palavan*
Shea N. Palavan