IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HUNTER WYLIE,<br>    Plaintiff | §<br>§<br>§ | |
| v. | § | CASE NO. 1:24-cv-01512 |
| | § | |
| BIG THIRST, INC. AND MATT MCGINNIS,<br>    Defendants | §<br>§<br>§ | |

## DEFENSE COUNSEL'S MOTION TO WITHDRAW

Counsel for Defendants Matt McGinnis and Big Thirst, Inc. files this Motion to Withdraw and seeks the court's permission to withdraw pursuant to local rule AT-3, and would respectfully show the following:

Defendants Matt McGinnis and Big Thirst, Inc. have not been able to pay their attorney's fees bills when due and are significantly behind. They owe their counsel $39,022.50 on three invoices, two of which are past due.

An attorney may withdraw if the client, after being duly warned, refuses to abide by the terms of an agreement relating to the representation, including the refusal to pay fees. Texas Rules of Disciplinary Conduct Rule 1.15(b)(6) & (7) and comment 7. Defendants were duly warned several times, both in writing and in phone calls, that a motion to withdraw would be filed if they did not pay their fees or obtain new counsel.

Both defendants consent to this withdrawal as evidenced by their signatures below.

The contact information for each client required by Local Rule AT-3 is:

- Matt McGinnis, 2101 Elton Lane, Austin, Texas 78703, 512-809-8712.

- Big Thirst, Inc., Matt McGinnis, CEO, 2101 Elton Lane, Austin, Texas 78703, 512-809-8712.

Withdrawal may be permitted with leave of court and a showing of good cause. *United States ex rel. Proctor v. Next Health LLC*, 652 F. Supp. 3d 788, 792 (E.D. Tex. 2023). The decision to grant an attorney's motion to withdraw is within the court's discretion. *Id*. The court should consider the facts and circumstances of the case, as well as additional factors, before allowing an attorney to withdraw, including: (1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take—and the financial burden it would impose on—the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice. *Id*.

The withdrawal will not delay or disrupt the case. Defendants' motion for summary judgment has been fully briefed and is pending decision by the court. If there ever is a good time for an attorney to withdraw, this is it. This court vacated the trial related deadlines and trial setting when it was assigned the case. [Doc 41] Those deadlines have not been reset and there is no trial setting.

This case has been pending for a year, but the bulk of that time was spent waiting on rulings on Defendants' motion to dismiss and motion to stay discovery. Judge Albright directed Defendants to file the motion for summary judgment at the last hearing.

It would take the client some time to find new counsel and the financial burden could be significant as the client lacks the funds to pay its current counsel. However, there is time for that while the court considers the motion for summary judgment. The financial burden would be no greater than paying current counsel, maybe less.

The financial burden on the attorney would be significant, assuming the Defendants' motion for summary judgment is denied. Counsel is willing to see the case through if summary judgment is granted but cannot afford to put in the time for discovery, trial preparation, and trial if the clients do not pay their bills.

Plaintiff will not be prejudiced by the withdrawal. There is no discovery pending, and the motion for summary judgment is fully briefed. Nothing needs to be continued or put off.

Withdrawal will not harm the administration of justice. The legal issues in this case have been fully briefed as evidenced by the filings on the motion to dismiss and motion for summary judgment. The clients and court have the benefit of that work. Discovery and trial work can easily be handled by new counsel who will be up to speed quickly based on the briefing that has occurred in this case. Again, there are no trial-related deadlines that would be disrupted.

After defense counsel sent an email to confer with Plaintiff's counsel on this motion to withdraw, Plaintiff filed his own motion for summary judgment. Defense counsel will file a response to that motion for summary judgment so as not to cause any delay in this case.

WHEREFORE, Defense counsel requests permission to withdraw from this case.

Dated: December 18, 2025                    Respectfully Submitted,

*/s/John W. Thomas*
**JOHN W. THOMAS**
State Bar No. 19856425
THOMAS WILLIAMS MCCONNELL PLLC
2104 San Antonio Street
Second Floor
Austin, Texas 78701
Telephone: (512) 495-1447
Email: jt@twmattorneys.com

**ATTORNEY FOR DEFENDANTS**

AGREED:

*Matt McGinnis*
Matt McGinnis, Defendant

*Matt McGinnis*
Big Thirst, Inc, Defendant
By Matt McGinnis, CEO

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned conferred with counsel for Plaintiff regarding the relief requested in this Motion. Counsel for Plaintiff said she was inclined to oppose the motion but needed to check with her client. The undersigned followed up twice after that but received no response. The parties have reached an impasse requiring the Court's intervention.

*/s/ John W. Thomas*
John W. Thomas

## C~ERTIFICATE~ OF S~ERVICE~

      I certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record listed below via e-mail and through the e-filing portal on December 18, 2025.

Lema Mousilli
MOUSILLI LAW, PLLC
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Telephone: (281) 305-9313
Email: lema@mousillilaw.com

                                                */s/ John W. Thomas*
                                                John W. Thomas