## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **HUNTER WYLIE,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:24-cv-01512** |
| | § | |
| **BIG THIRST, INC. AND MATT MCGINNIS,** | § | |
| **Defendants** | § | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT

Defendants Matt McGinnis and Big Thirst, Inc. file this Response to Plaintiff's Motion for Summary Judgment [Doc. 45], and would respectfully show the following:

### I. INTRODUCTION

Plaintiff's Motion for Summary Judgment is a distraction. Following on the heels of Defendants' meritorious Motion for Summary Judgment [Doc. 39], Plaintiff's filing is merely a reprise of the "haystack" strategy Defendants exposed in their Reply brief [Doc. 43].

Plaintiff hopes the Court will see dueling motions for summary judgment and deny both, failing to realize that at the crux of this case is a singular, fatal defect: **Plaintiff has failed to present a written and signed assumption of debt complying with the Statute of Frauds.**

Plaintiff's Motion is merely a regurgitation of his prior Response [Doc. 42]. Plaintiff has largely copied his legal argument from prior briefing and admits that the exhibits are the same. Consequently, Plaintiff presents no new evidence and no new legal theories. There is no need for the Court to reread arguments that have been made extensively in prior summary judgment briefing. The Court should ignore Plaintiff's invitation to get lost in the weeds of his repeated mischaracterization of the evidence. Instead, the Court should focus on the hard evidence (or lack thereof) discussed in Defendants' Motion and Reply.

Accordingly, Defendants incorporate by reference the arguments, authorities, and evidence set forth in **Defendants' Motion for Summary Judgment [Doc. 39], Defendants' Appendix of Evidence to Defendants' Motion for Summary Judgment [Doc. 39-1], Defendants' Reply in Support of Motion**

for Summary Judgment [Doc. 43], and **Defendants' Appendix to Defendants' Reply [Doc. 43-1]** as if set forth herein verbatim.

## II. RESPONSE TO PLAINTIFF'S ARGUMENTS

Plaintiff's Motion attempts to manufacture fact issues where none exist. Based on the briefing already before the Court, Defendants offer the following summary response to the points raised in Plaintiff's Motion:

- **The "Missing" Writing Remains Missing:** Plaintiff's Motion relies on the assertion that the Statute of Frauds is satisfied by various emails and texts [Doc. 45 at 16]. This is false. As detailed in Defendants' Reply, Plaintiff failed to produce the "smoking gun" email he promised the Court he would find. The documents Plaintiff repeatedly points to (communications between McGinnis and Donoho) contain no promissory words to Plaintiff and no assumption of debt. [See Doc. 43 at 6–7; Doc. 39 at 6–8].

- **The "Haystack" Strategy Continues:** Plaintiff cites (the same) hundreds of pages of exhibits to support the claim that Defendants "expressly assumed" the Note (as he previously cited). As demonstrated by the **Appendix to Defendants' Reply [Doc. 43-1]**, which painstakingly annotated Plaintiff's exhibits page-by-page, these documents do not align with Plaintiff's characterization. They show only that Donoho—not Defendants—borrowed money from her father. Plaintiff raises no genuine issue of material fact defeating summary judgment because he offers no evidence of a promise by Defendants *to Plaintiff*.

- **Agency and Ratification Arguments Fail:** Plaintiff argues that Donoho signed the Note as an "agent" of Big Thirst or that Big Thirst "ratified" the act [Doc. 45 at 6–9]. This fails as a matter of law.
  - The Note [Doc. 45, Ex. A] was signed by "Lauren Wylie Donoho" individually. It does not say "Big Thirst, Inc." or indicate any representative capacity.
  - A corporation accepting a capital contribution from a shareholder (Donoho) does not constitute "ratification" of that shareholder's personal loan from a third party (Plaintiff).

- o   Furthermore, parol evidence cannot be used to convert an unambiguous individual signature into a corporate obligation.

- **Exceptions to the Statute of Frauds Do Not Apply:** Plaintiff argues the "Main Purpose Doctrine" and "Promissory Estoppel" save his claim [Doc. 45 at 17–18].

  - o   *Main Purpose Doctrine:* Requires a promise *directly to the creditor* (Plaintiff) to be primarily responsible for the debt. Plaintiff has cited zero evidence of any communication between Defendants and himself. [See Doc. 43 at 4–5].

  - o   *Promissory Estoppel:* Requires a promise to sign a *written document* complying with the Statute of Frauds. Plaintiff offers no evidence that Defendants ever promised to sign such a document for Plaintiff. [See Doc. 43 at 5–6].

- **Unjust Enrichment is Not a Savior:** Plaintiff attempts to stand on Unjust Enrichment [Doc. 45 at 13]. As briefed in Defendants' Motion [Doc. 39 at 12–15], Unjust Enrichment is not an independent cause of action in this context and cannot be used to circumvent the Statute of Frauds. Moreover, Defendants received no benefit from Plaintiff; Big Thirst received a capital contribution from Donoho, for which she was fully compensated in a separate settlement.

### III. CONCLUSION AND PRAYER

Plaintiff's Motion for Summary Judgment offers nothing new—only more of the same mischaracterized "evidence" that fails to satisfy the Statute of Frauds. Plaintiff has no written agreement with Defendants, and no exception applies.

Defendants respectfully request that the Court **DENY** Plaintiff's Motion for Summary Judgment [Doc. 45] and **GRANT** Defendants' Motion for Summary Judgment [Doc. 39].

Dated: December 19, 2025     Respectfully Submitted,


           */s/John W. Thomas*
           **JOHN W. THOMAS**
           State Bar No. 19856425
           THOMAS WILLIAMS MCCONNELL PLLC
           2104 San Antonio Street
           Second Floor
           Austin, Texas 78701
           Telephone:  (512) 495-1447
           Email: jt@twmattorneys.com

           **ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

   I certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record listed below via e-mail and through the e-filing portal on December 19, 2025.

Lema Mousilli
MOUSILLI LAW, PLLC
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Telephone: (281) 305-9313
Email: lema@mousillilaw.com
*Attorney for Plaintiff*


           */s/ John W. Thomas*
           John W. Thomas