IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HUNTER WYLIE,<br>*Plaintiff*, | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL CASE NO. 1:24-CV-01512-DAE |
| BIG THIRST, INC. and MATT MCGINNIS,<br>*Defendants*. | §<br>§<br>§<br>§<br>§ | (JURY DEMANDED) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFF'S OBJECTION TO AND MOTION TO STRIKE
DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
AND REPLY EXHIBITS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiff, Hunter Wylie ("**Plaintiff**"), in the above-styled and numbered cause, and respectfully file this *Plaintiff's Reply to Defendants' Response to Plaintiff's Objection to and Motion to Strike Defendants' Reply in Support of Motion for Summary Judgment and Reply Exhibits* (the "**Reply**" to the "**Response**" (D.I. 46) to the "**Motion**" (D.I. 44)), respectfully requesting this Honorable Court to grant the Motion and strike Defendants, Big Thirst, Inc. ("**Big Thirst**") and Matt McGinnis's ("**Mr. McGinnis**") (collectively, "**Defendants**"), Reply, the attached appendix, and all attached exhibits, including for those reasons set forth hereinbelow, and, in support thereof, would respectfully show unto this Honorable Court as follows:

## TABLE OF CONTENTS

Table of Contents ............................................................................................................................. ii

Table of Authorities ....................................................................................................................... iii

    **A.**   Cases ................................................................................................................................ iii

    **B.**   Rules ................................................................................................................................ iii

I.    Argument and Authorities ..................................................................................................... 1

II.   Conclusion and Prayer for Relief .......................................................................................... 3

P a g e  **ii | iii**

[PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT]

Case No.: 1:24-CV-01512-DAE

## TABLE OF AUTHORITIES

**A.** Cases

*Encompass Office Sols., Inc. v. Connecticut Gen. Life Ins. Co.*,
   No. 3:11-CV-02487-L, 2017 WL 3268034 (N.D. Tex. July 31, 2017) .................................. 2
*Evans v. Miley*,
   694 F. Supp. 3d 755 (E.D. Tex. 2023) ................................................................................ 2
*First United Fin. Corp. v. U.S. Fid. & Guar. Co.*,
   96 F.3d 135 (5th Cir.1996) ................................................................................................ 1
*Paz v. Brush Engineered Materials, Inc.*,
   555 F.3d 383 (5th Cir. 2009) ............................................................................................. 1
*United States v. Buck*,
   324 F.3d 786 (5th Cir. 2003) ............................................................................................. 2
*United States v. Harms*,
   442 F.3d 367 (5th Cir. 2006) ............................................................................................. 2

**B.** Rules

FEDERAL RULE OF CIVIL PROCEDURE 56 .......................................................................... 3
FEDERAL RULE OF EVIDENCE 1006 .................................................................................. 2
FEDERAL RULE OF EVIDENCE 107 ................................................................................ 1, 2
FEDERAL RULE OF EVIDENCE 611 .................................................................................... 2

[PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT]

Case No.: 1:24-CV-01512-DAE

I.   **ARGUMENT AND AUTHORITIES**

1. This Court must grant Plaintiff's Motion, including because Defendants have now clearly admitted their "Appendix is not evidence." Response at 1, ¶ 1.

2. Defendants' reply is improper, including because it relies on improper summary judgment evidence and only on unsupported attorney argument. Rather, the alleged "evidence" – which Defendants admit is not – provided by Defendant with its Reply comprises a collection of improper, unauthenticated documents and unsupported attorney argument. *See* Appendix. Rather than provide any real justification for the Court to consider the improper Appendix, Defendants argue (incorrectly) only that the Appendix is an illustrative aid governed by FEDERAL RULE OF EVIDENCE 107. However, Defendants' arguments fail for at least three (3) reasons:

3. *First*, rather than address any of the arguments or legal principles set forth in Plaintiff's Motion, Defendants simply throw up a smoke screen by referencing unsupportive law related to illustrative aids. *C.f.*, Plaintiff's Motion (D.I. 44); Defendants' Response (D.I. 46). "The admissibility of evidence 'is governed by the same rules, whether at trial or on summary judgment.'" *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 387–388 (5th Cir. 2009) (*quoting First United Fin. Corp. v. U.S. Fid. & Guar. Co.*, 96 F.3d 135, 136–137 (5th Cir.1996)). Defendants had the burden to provide at least some minimal support for its Appendix, but failed to provide anything. Thus, as an initial matter, Defendants failed to even try to respond to Plaintiff's Motion or meet their burden to show the challenged information is authenticated and admissible.

4. *Second*, in view of neither Defendants' reply, nor the attached Appendix, being "accompanied by an affidavit [or declaration] of the person who prepared it," the Appendix (as an illustrative aid under FEDERAL RULE OF EVIDENCE 107) "is not self-authenticating." *Encompass Office Sols., Inc. v. Connecticut Gen. Life Ins. Co.*, No. 3:11-CV-02487-L, 2017 WL 3268034, *9

P a g e  **1 | 4**

[PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT]

Case No.: 1:24-CV-01512-DAE

(N.D. Tex. July 31, 2017). Thus, without any supporting testimony from any person who prepared the Appendix regarding same – or any person who could authenticate the Appendix, the Appendix is not competent evidence to be considered at summary judgment and must be excluded. *See Evans v. Miley*, 694 F. Supp. 3d 755, 764 (E.D. Tex. 2023) ("At the summary judgment stage, 'unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.'").

5. *Third*, regardless of the above, Defendants' reliance on FEDERAL RULE OF EVIDENCE 107 is entirely misplaced and does not provide justification for consideration of the improper Appendix. "In contrast to summaries governed by Rule 1006, demonstrative evidence is 'not to be considered as evidence, but only as an aid in evaluating evidence.'" *Encompass*, 2017 WL 3268034 at *9 (*quoting United States v. Harms*, 442 F.3d 367, 375 (5th Cir. 2006); *see also United States v. Buck*, 324 F.3d 786, 790 (5th Cir. 2003) (distinguishing charts and summaries admitted as evidence under Rule 1006 from those "used only for demonstrative purposes to clarify or amplify argument based on evidence that has already been admitted.") (citation and internal quotation marks omitted)). "Further, demonstrative aids may only be presented for the limited purposes allowed under Rule 611(a) 'if they are consistent with the evidence and not misleading.'" *Encompass*, 2017 WL 3268034 at *9 (*quoting Harms*, 442 F.3d at 791). Here, the Appendix is not a Rule 1006 summary, nor have Defendants even attempted to argue this, but, rather, Defendants' very limited Response argues only under Rule 107. Under Rule 107, this is neither a proper illustrative aid thereunder nor proper to consider on summary judgment.

6. The Appendix fails to meet the requirements of a Rule 107 aid, including because it does not qualify as a proper "presentation offered not as evidence but rather to assist the trier of fact in understanding evidence or argument." *See* FED. R. EVID. 107, 2024 committee notes. To the contrary, the Appendix is nothing more than a collection of the notes and arguments of Defendants

P a g e  **2** | **4**

[PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT]

Case No.: 1:24-CV-01512-DAE

and their counsel regarding Plaintiff's actual, competent summary judgment evidence. Further, including as noted in Plaintiff's Motion, this type of notation is hearsay, for which Defendants have provided no support for a finding otherwise.

7.   Defendants wholesale fail to provide any evidence sufficient to create a genuine dispute as to any material fact, providing only improper, unsupported, and inadmissible "annotations" to Plaintiff's evidence. FED. R. CIV. P. 56. For these reasons alone, Plaintiff's Motion must be granted and Defendants' Reply, and the appendix and exhibits attached thereto, must be stricken from the record.

## II.   CONCLUSION AND PRAYER FOR RELIEF

NOW WHEREFORE, for at least those reasons stated in this response, Defendants have failed to meet their burden to show any justification for consideration of their improper Appendix, and, thus, Plaintiff hereby respectfully requests this Honorable Court strike Defendants' Appendix to their reply (D.I. 43) and deny Defendants' motion for summary judgment (D.I. 39) in its entirety. Plaintiff prays for such other and further relief, whether general or special, at law or in equity, to which Plaintiff may be shown to be justly entitled.

DATED: January 12, 2026

Respectfully submitted,

Mousilli Law, PLLC

BY:   /s/ Shea N. Palavan
    Shea N. Palavan
      TX Bar No. 24083616
    Lema Mousilli
      TX Bar No. 24056016
    11807 Westheimer Road
    Suite 550, PMB 624
    Houston, Texas 77077
    Tel: (281) 305-9313
    service@mousillilaw.com

[PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT]

Case No.: 1:24-CV-01512-DAE

P a g e  4 | 4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served to all parties and their counsel of record, in accordance with the governing rules of procedure regarding service on this January 12, 2026, via electronic filing manager as follows:

Matt McGinnis
2101 Elton Lane
Austin, Texas 78703
Tel. (512) 809-8712

Big Thirst, Inc.
c/o Matt McGinnis
2101 Elton Lane
Austin, Texas 78703
Tel. (512) 809-8712

*Pro Se* Defendants,
Big Thirst, Inc. and Matt McGinnis

                                                    */s/ Shea N. Palavan*
                                                    Shea N. Palavan

P a g e  **4** | **4**

[PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT]    Case No.: 1:24-CV-01512-DAE