IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HUNTER WYLIE,<br>    *Plaintiff*, | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL CASE NO. 1:24-CV-01512-DAE |
| BIG THIRST, INC. and MATT MCGINNIS,<br>    *Defendants*. | §<br>§<br>§<br>§<br>§ | (JURY DEMANDED) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW**, Plaintiff, Hunter Wylie ("**Plaintiff**"), in the above-styled and numbered cause, and respectfully file this *Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Summary Judgment* (the "**Reply**" to the "**Response**" to the "**Motion**") against Defendants, Big Thirst, Inc. ("**Big Thirst**") and Matt McGinnis ("**Mr. McGinnis**") (collectively, "**Defendants**"), respectfully requesting this Honorable Court to grant the Motion and enter judgment in favor of Plaintiff and against Defendants on Plaintiff's claims, including for those reasons set forth in the Motion and hereinbelow, and, in support thereof, would respectfully show unto this Honorable Court as follows:

## TABLE OF CONTENTS

Table of Contents ................................................................................................................... ii

Table of Authorities .............................................................................................................. iii

    **A.** Cases ........................................................................................................................ iii

II.    Introduction ................................................................................................................. 1

III.    Argument and Authorities ........................................................................................... 1

    A.    Defendants' Response Improperly "Incorporates By Reference" Multiple Other Documents. ........................................................................................................................ 1

    B.    Defendants' "Missing Writing" Requirement Is Inapplicable. ............................... 2

    C.    Plaintiff's Motion Is Proper. .................................................................................... 3

    D.    Agency And Ratification Are Clear. ....................................................................... 4

    E.    There Are Valid Exceptions To The Statute Of Frauds. ......................................... 4

    F.    Plaintiff's Claim For Unjust Enrichment Is Proper. ............................................... 4

IV.    Conclusion and Prayer for Relief ................................................................................ 5

## TABLE OF AUTHORITIES

**A.** <u>Cases</u>

*Doe 1 v. GitHub, Inc.*,
  672 F. Supp. 3d 837 (N.D. Cal. 2023) ................................................................................ 1
*Flores v. Bennett*, 635 F. Supp. 3d 1020, 1029 (E.D. Cal. 2022), *aff'd*, No. 22-16762, 2023 WL
  4946605 (9th Cir. Aug. 3, 2023) ........................................................................................ 2
*Flores v. Bennett*, No. 22-16762, 2023 WL 4946605 (9th Cir. Aug. 3, 2023) ............................. 2
*Swanson v. U.S. Forest Serv.*,
  87 F.3d 339 (9th Cir. 1996) ................................................................................................ 1
*Williams v. Cnty. of Alameda*,
  26 F. Supp. 3d 925 (N.D. Cal. 2014) .................................................................................. 2
*Woolfson v. Conn Appliances, Inc.*,
  No. 21-cv-07833-MMC, 2022 WL 3139522 (N.D. Cal. Aug. 5, 2022) ................................... 2

## II.  INTRODUCTION

1. Defendants' Reply comes out of the gate with clear misrepresentations. Defendants' allegation their motion for summary judgment was "meritorious" is provably incorrect – no such Order exists. *See* Response at 1, ¶ 1 (*citing* D.I. 39). Nor is Plaintiff's Motion "merely a reprise" of anything – Plaintiff has set forth more than sufficient competent summary judgment evidence to conclusively prove each and every element of each and every of his claims against Defendants. Defendants' Response fails to provide any competent evidence or other support which would be proper to consider at summary judgment and that creates any genuine issue of material fact.

2. Thus, Defendants' Response should be rejected and stricken, and Plaintiff's Motion must be denied.

## III.  ARGUMENT AND AUTHORITIES

3. Defendants, again, myopically focus solely on their fabricated requirement that all agreements fall under the Statute of Frauds and require a written and signed assumption. This fails to meet Defendants' summary judgment burden to create any genuine issue of material fact, and, thus, Plaintiff's Motion must be granted.

### A. Defendants' Response Improperly "Incorporates By Reference" Multiple Other Documents.

4. As an initial matter, Defendants' Response should be struck, or, at a minimum, excluded from consideration, as it entirely fails to provide any competent argument or evidence – instead, opting to improperly "incorporate by reference" its prior arguments that do not address the specific issues set forth in Plaintiff's Motion. *See Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 849 (N.D. Cal. 2023) ("The incorporation of substantive material by reference is not sanctioned by the federal rules.") (*quoting Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (noting, in the future, all arguments the parties seek to make must be raised in the briefing on a particular motion)); *citing*

*Woolfson v. Conn Appliances, Inc.*, No. 21-cv-07833-MMC, 2022 WL 3139522, *6 (N.D. Cal. Aug. 5, 2022) (declining to consider substantive arguments purportedly incorporated by reference); *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 947 (N.D. Cal. 2014) ("[T]he Court will not consider the arguments that Plaintiff improperly seeks to incorporate by reference. This Court only considers arguments that are specifically and distinctively raised by the parties in their briefs."); *Flores v. Bennett*, 635 F. Supp. 3d 1020, 1029 (E.D. Cal. 2022), *aff'd*, No. 22-16762, 2023 WL 4946605 (9th Cir. Aug. 3, 2023) .

5.  Moreover, if the Court (respectfully, correctly) grants Plaintiff's contemporaneous motion to strike (D.I. 44) Defendants' reply (D.I. 43) in support of Defendants' motion for summary judgment (D.I. 39), then at least a portion of relied-upon statements in Defendants' Response – which represent essentially the entirety of the Response – is struck. Thus, the Response fails for these same reasons, and Plaintiff's Motion should be granted as uncontested.

B.  **Defendants' "Missing Writing" Requirement Is Inapplicable.**

6.  It is unfortunate that Defendants refuse to accept what is clear – all parties were agreed that Defendants were clearly the parties that would be making payments on the loan and the loan was for Defendants and their benefit. Defendants' hyperfocus on a single message fails to appreciate the full realities in this case, including Defendants' multiple statements, including under oath, that Defendants were the parties to make payments.

7.  Additionally, Defendants' argument fails in view of the fact that Plaintiff's did provide what he presumes Defendants would consider a "smoking gun." *See* **Exhibit 1** at 6-12, ¶¶ 15-27; **Exhibit 2** at 4, ¶ 12; **Exhibit D** at 1; **Exhibit E** at 1; *see also* Motion at 10-11. Specifically, as set forth in Plaintiff's Motion (including all attached exhibits), after negotiations, Plaintiff, Defendants, and Plaintiff's daughter, Ms. Lauren Wylie Donoho ("**Mrs. Donoho**"), engaged, at least in part, in the following plan of action in order to fund Defendant Big Thirst:

    a.    Plaintiff would provide Defendant Big Thirst $50,000 in funds;

    b.    The funds will be transferred to Mrs. Donoho, as Defendant Big Thirst did not have a bank account at the time;

    c.    The full amount would be lent by transferring it to Mrs. Donoho;

    d.    Mrs. Donoho would provide the amount to Defendant Big Thirst for us in funding its operations;

    e.    Defendant Big Thirst would use this loan as a starter loan for obtaining other loans, including an SBA loan; and

    f.    Defendant Big Thirst would begin repayment after two (2) years, based on the agreement.

*See* **Ex. 1** at 6-12, ¶¶ 15-27; **Ex. 2** at 4, ¶ 12; **Ex. D** at 1; **Ex. E** at 1.

    8.    Based on this, on July 19, 2021, Plaintiff and Mrs. Donoho entered into the loan agreement, wherein Mrs. Donoho was acting on behalf of Defendants. *See id.* On that same day, Mrs. Donoho emailed Defendants with the final version of the agreement. *See id.* In response, on July 20, 2021, Defendants reviewed and approved the agreement, and posed a question regarding interest payments. *See id.* Again, according to Mr. McGinnis, the Note was supposed to be directly to Big Thirst, but Mrs. Donoho was the one who obtained it since Mr. McGinnis failed to open a bank account for Big Thirst until after the loan was funded by Plaintiff. **Ex. L** at 282:2-15.

### C. <u>Plaintiff's Motion Is Proper.</u>

    9.    Defendants' "haystack" argument is entirely unsupported and does not excuse Defendants' wholesale failure to actually respond to Plaintiff's Motion. Further, their citation to their improper Appendix fails for the same reason the Appendix fails. *See* D.I. 44. Moreover, in contrast to Defendants' oversimplification of Plaintiff's Motion, Plaintiff's Motion meticulously sets forth evidence for each and every element of each and every of Plaintiff's claims against each of Defendants – evidence for which Defendants have failed to provide any contradictory evidence.

10. Thus, Plaintiff's Motion is proper and should be granted.

### D. Agency And Ratification Are Clear.

11. Rather than provide any contrary evidence, Defendants simply make vague, unsupported arguments, again, myopically focusing on some, but not all of the evidence. Defendants do not address any of the elements of express or inherent authority, nor ratification. Defendants' sparse argument on this issue simply states incorrect recitations of fact and unsupported attorney argument.

12. Thus, Defendants failed to create a genuine issue of material fact regarding Plaintiff's agency and ratification arguments, and Plaintiff's Motion should be granted.

### E. There Are Valid Exceptions To The Statute Of Frauds.

13. Plaintiff's Motion is clear, and Defendants have not met their burden to create a genuine issue of material fact on this issue. Contrary to Defendants' argument, there was a direct promise made to Plaintiff. *See* **Ex. 1** at 2-3, ¶ 6; **Ex. 2** at 4-5, ¶¶ 13-14. Nor is this even an issue of Defendants assuming the payment post-signing, but, rather, the formation of an agreement based on Defendants' statements and conduct, with Mrs. Donoho acting as an agent for Defendant Big Thirst. Regardless, Defendants have shown nothing to the contrary of Plaintiff's proper, competent summary judgment evidence.

14. Thus, Defendants failed to create a genuine issue of material fact regarding Plaintiff's statute of frauds arguments, and Plaintiff's Motion should be granted.

### F. Plaintiff's Claim For Unjust Enrichment Is Proper.

15. The capital contribution was a loan by Plaintiff to Defendant Big Thirst, obtained by Plaintiff's daughter, on behalf of Defendant Big Thirst. The benefit Defendant Big Thirst received is the funds obtained on their behalf.

16. Thus, Defendants failed to create a genuine issue of material fact regarding Plaintiff's unjust enrichment arguments, and Plaintiff's Motion should be granted.

## IV.   CONCLUSION AND PRAYER FOR RELIEF

NOW WHEREFORE, for at least those reasons stated in this response, Plaintiff has met his burden on summary judgment to show the evidence conclusively proves each element of Plaintiff's claims such that Plaintiff's Motion must be granted, and Defendants have failed to produce any competent summary judgment evidence or otherwise create a genuine issue of material fact, and summary judgment should be entered in favor of Plaintiff and against Defendants, and Plaintiff requests this Honorable Court enter same. Plaintiff prays for such other and further relief, whether general or special, at law or in equity, to which Plaintiff may be shown to be justly entitled.

DATED: January 12, 2026               Respectfully submitted,

                                      Mousilli Law, PLLC

                           BY:   /s/ Shea N. Palavan
                                 Shea N. Palavan
                                    TX Bar No. 24083616
                                 Lema Mousilli
                                    TX Bar No. 24056016
                                 11807 Westheimer Road
                                 Suite 550, PMB 624
                                 Houston, Texas 77077
                                 Tel: (281) 305-9313
                                 service@mousillilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served to counsel of record, in accordance with the governing rules of procedure regarding service on this January 12, 2026, via electronic filing manager as follows:

Matt McGinnis
2101 Elton Lane
Austin, Texas 78703
Tel. (512) 809-8712

Big Thirst, Inc.
c/o Matt McGinnis
2101 Elton Lane
Austin, Texas 78703
Tel. (512) 809-8712

*Pro Se* Defendants,
Big Thirst, Inc. and Matt McGinnis

                                                */s/ Shea N. Palavan*
                                                Shea N. Palavan