UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HUNTER WYLIE, | § | NO. 1:24-cv-1512-DAE |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| BIG THIRST, INC., and MATT MCGINNIS, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is Defendant Matt McGinnis' Motion for Courts Permission by Pro Se Litigant (Dkt. # 53) and the status of the above-captioned case.

On December 29, 2025, the Court, having considered the pending motions and the absence of upcoming deadlines, granted Defendants' Counsel's Motion to Withdraw as Attorney. (Dkt. # 49.) However, the Court urges Defendants to obtain substitute counsel. A corporation is not permitted to proceed *pro se* in federal court and must be represented by licensed counsel. See Rabin v. McClain, No. SA-10-CV-981-XR, 2011 WL 3793939, at *2 (W.D. Tex. Aug. 25, 2011) (citing Donovan v. Road Rangers Country Junction, Inc., 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam)). While Defendant McGinnis, as a natural

person, may proceed *pro se*, the Court understands Defendant McGinnis to be the Chief Executive Officer and majority shareholder of Defendant Big Thirst and would greatly benefit from representation.  (See Dkt. # 1 at 3.)  If Defendant Big Thirst, Inc. fails to obtain counsel and continues to file in federal court, it is within the Court's discretion to strike its pleadings and defenses.  See Donovan, 736 F.2nd at 1005.

Regarding Defendant McGinnis' request for Dkts. ## 50 and 51 to be mailed to him—the Court may not do without payment.  Per this Court Fee Schedule, paper copies cost $0.50 per page.  Should Defendant McGinnis wish to obtain a paper copy, he may stop by the Clerk's Office for assistance.  Accordingly, the Court **DENIES** Defendant McGinnis' Motion for Courts Permission (Dkt. # 53.)

Lastly, the Court also notes that Plaintiff's Certificate of Service indicates that the pleadings were served "via electronic filing manager."  (Dkts. ## 50 at 7; 51 at 9.)  However, Defendants are not registered to receive notice via the electronic filing system.  Thus, the Court further **INSTRUCTS** Plaintiff to file an amended certificate of service stating the alternative means that the pleadings were served, in accordance with Fed. R. Civ. P. 5.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, February 5, 2026.

_____
David Alan Ezra
Senior United States District Judge