IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HUNTER WYLIE,<br>　　　*Plaintiff,*<br><br>v.<br><br>BIG THIRST, INC. AND MATT<br>MCGINNIS,<br>　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:24-cv-01512<br>_____<br>**JURY DEMANDED** |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT BIG THIRST, INC.'S
PLEADINGS**

**TO THE HONORABLE COURT:**

Plaintiff Hunter Wylie, by and through undersigned counsel, respectfully moves this Court to strike the pleadings and defenses of Defendant Big Thirst, Inc., pursuant to the Court's inherent authority and Fifth Circuit precedent prohibiting corporations from proceeding pro se in federal court. In support thereof, Plaintiff respectfully shows as follows:

## I.　　INTRODUCTION

1. This Motion is necessitated by Defendant Big Thirst, Inc.'s continued failure to obtain licensed counsel following the withdrawal of its prior attorneys on December 29, 2025. As this Court explicitly noted in its February 5, 2026 Order (Dkt. #54), a corporation may not proceed pro se in federal court and must be represented by licensed counsel. Despite the Court's urging and the passage of more than two months since counsel's withdrawal, and over six weeks since the Court's Order, Big Thirst, Inc. remains unrepresented.

2. Under controlling law, including *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004 (5th Cir. 1984) (per curiam), and *Rabin v. McClain*, No. SA-10-CV-981-XR, 2011 WL

3793939 (W.D. Tex. Aug. 25, 2011), the Court has discretion to strike the pleadings and defenses of a corporation that fails to comply with this requirement. Plaintiff respectfully requests that the Court exercise this discretion to strike Big Thirst, Inc.'s pleadings, including its Answer and any defenses or counterclaims, and enter default against it if appropriate.

## II.    BACKGROUND

3.    This action was filed on December 9, 2024, asserting claims against Defendants Big Thirst, Inc. and Matt McGinnis for breach of contract and unjust enrichment.

4.    On December 29, 2025, this Court granted the Motion to Withdraw as Attorney filed by Defendants' counsel, John W. Thomas and the law firm of Thomas Williams McConnell, PLLC (Dkt. #49). The Court noted the absence of upcoming deadlines and pending motions at that time but did not relieve Defendants of their obligation to secure substitute representation.

5.    On February 5, 2026, in its Order addressing Defendant McGinnis's Motion for Court's Permission by Pro Se Litigant (Dkt. #53) and the status of the case, the Court explicitly urged Defendants to obtain substitute counsel (Dkt. #54). The Court reiterated that "[a] corporation is not permitted to proceed pro se in federal court and must be represented by licensed counsel," citing *Rabin*, 2011 WL 3793939, at *2, and *Donovan*, 736 F.2d at 1005. The Court further warned that if Big Thirst, Inc. "fails to obtain counsel and continues to file in federal court, it is within the Court's discretion to strike its pleadings and defenses." *Id.* (citing *Donovan*, 736 F.2d at 1005).

6.    As of the date of this Motion, March 12, 2026, no substitute counsel has appeared on behalf of Big Thirst, Inc. Defendant McGinnis, as a natural person, may proceed pro se, but he cannot represent the corporation, even as its Chief Executive Officer and majority shareholder, as the Court has already observed (Dkt. #54 at 2). Big Thirst, Inc. has had ample time (over twelve weeks since counsel's withdrawal and more than six weeks since the Court's explicit warning to retain

PLAINTIFF'S MOTION TO STRIKE DEFENDANT BIG THIRST, INC.'S PLEADINGS

new counsel, yet it has failed to do so.

7. This lack of representation has prejudiced Plaintiff by delaying resolution of the case, including the pending Motion for Summary Judgment (Dkt. #45) and undermines the orderly administration of justice.

### III. ARGUMENT

8. It is well-established that corporations, unlike natural persons, have no right to appear pro se in federal court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (noting that artificial entities like corporations must appear through counsel); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (per curiam) (legal entities must appear in court through counsel); *Donovan*, 736 F.2d at 1005 (affirming district court's striking of corporate defendant's answer for failure to appear through counsel). This rule protects the integrity of judicial proceedings, as laypersons (even corporate officers) are not qualified to navigate complex legal matters on behalf of an entity.

9. Courts in the Western District of Texas consistently apply this principle and exercise their discretion to strike pleadings when corporations persist without counsel. *See Rabin*, 2011 WL 3793939, at *2 (striking corporate defendant's pleadings and entering default judgment).

10. Here, Big Thirst, Inc.'s continued unrepresented status violates these precedents. The Court has already put Defendants on notice of this requirement and the potential consequences (Dkt. #54). Despite this, no counsel has entered an appearance. Striking Big Thirst, Inc.'s pleadings is an appropriate remedy to enforce compliance and prevent further delay. Plaintiff does not seek to strike Defendant McGinnis's individual pleadings, as he may proceed pro se.

11. To the extent necessary, Plaintiff requests that the Court set a brief deadline for Big Thirst, Inc. to obtain counsel before striking its pleadings, though the time already elapsed justifies

immediate action.

## IV.    PRAYER FOR RELIEF

**WHEREFORE,  PREMISES  CONSIDERED,** Plaintiff respectfully requests that the Court: (a) Strike all pleadings, defenses, and counterclaims filed by or on behalf of Defendant Big Thirst, Inc.; (b) Enter default against Big Thirst, Inc. pursuant to Fed. R. Civ. P. 55, if appropriate; and (c) Grant such other and further relief as the Court deems just and proper.

Dated:  March 23, 2026.                              Respectfully submitted,

**MOUSILLI LAW, PLLC**
11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313

By:/s/ *Lema Mousilli*
Lema Mousilli
Attorney-In-Charge
Texas Bar No. 24056016
S.D. Texas Bar No. 1358290
lema@mousillilaw.com
service@mousillilaw.com

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion, and any attachments, will be served on the pro se Defendants, in accordance with the governing rules of procedure regarding service on this **March 23, 2026**, via *electronic filing manager and U.S. certified mail* as follows:

Matt McGinnis
2101 Elton Lane
Austin, Texas 78703
Tel. (512) 809-8712

Big Thirst, Inc.
c/o Matt McGinnis
2101 Elton Lane
Austin, Texas 78703
Tel. (512) 809-8712

*Pro Se* Defendants,
Big Thirst, Inc. and Matt McGinnis

*/s/ Lema Mousilli*
Lema Mousilli

PLAINTIFF'S MOTION TO STRIKE DEFENDANT BIG THIRST, INC.'S PLEADINGS