IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HUNTER WYLIE,<br>    *Plaintiff*,<br><br>V.<br><br>BIG THIRST, INC. and MATT<br>MCGINNIS,<br>    *Defendants*, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. 1:24-CV-01512-DAE<br><br>(JURY DEMANDED) |

## PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE

Before the Court is *Plaintiff Hunter Wylie's Motion to Strike Defendant Big Thirst, Inc.'s Pleadings*.

Having considered the Motion, the record, Defendant Big Thirst, Inc.'s continued failure to obtain licensed counsel, the Court's Order of February 5, 2026 (Dkt. #54), and the applicable law, the Court is of the opinion that the Motion should be granted. It is well settled in the Fifth Circuit that a corporation cannot proceed *pro se* in federal court. *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984); *see also Rabin v. McClain*, No. SA-10-CV-981-XR, 2011 WL 3793939, at *2 (W.D. Tex. Aug. 25, 2011). Despite the Court's prior warning and the passage of more than two months since the withdrawal of Defendants' counsel, Big Thirst, Inc. has failed to retain substitute counsel.

**IT IS THEREFORE ORDERED** that:

Plaintiff's Motion to Strike Defendant Big Thirst, Inc.'s Pleadings is **GRANTED**;

All pleadings, answers, affirmative defenses, and any counterclaims filed by or on behalf of Defendant Big Thirst, Inc. are hereby **SRICKEN**; The Clerk of Court shall enter default against Defendant Big Thirst, Inc. pursuant to Federal Rule of Civil Procedure 55; and 1. Defendant Matt

1

McGinnis may continue to appear *pro* se in his individual capacity.

**IT IS SO ORDERED.**

**SIGNED** this ___ of March, 2026.

                         _____

THE HONORABLE DAVID A. EZRA
UNITED STATES DISTRICT JUDGE

PROPOSED ORDER