IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HUNTER WYLIE | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 1:24-CV-01512-DAE |
| | § | |
| BIG THIRST, INC.; and | § | |
| MATTHEW MCGINNIS | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

ORDER FOR SUPPLEMENTAL BRIEFING

Before the Court are Hunter Wylie's ("Plaintiff") and Big Thirst, Inc.'s (Defendant) respective Motions for Summary Judgment. (Dkts. ## 39; 45.) The Court noted that there has been a prior settlement agreement in this litigation involving the same parties. (See Dkts. ## 39 at 3; 45-1 at 7; 45-15.) And it notes the provision in the settlement agreement that Hunter Wylie is not a party to the agreement. (See Dkt. # 45-15 at 10.)

The parties shall provide supplemental briefing on three issues. The first two are jurisdictional, and the third concerns the law that the Court would have to apply were it to have jurisdiction.

1. Whether the amount in controversy exceeds $75,000 to "a legal certainty" See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90 (1938); cf. Turner v. HomeFirst Agency Inc., No. CV 23-01203, 2024 WL 3152251 (M.D. La. June 24, 2024). The prior order that another judge of this Court entered denying Defendants' Motion to Dismiss (Dkt. # 8) did not broach the issue of the Court's subject matter jurisdiction. (See Sep. 5, 2025, Text Order). Pursuant to Rule 12(h), the Court directs the parties to do so now.

2. Whether the previous state court litigation and settlement agreement have a preclusive effect on the claims or issues in this case.

3. Whether Oregon or Texas law governs this action.[1]

Briefing shall be due on or before September 17, 2026, and is not to exceed ten pages. Each party may also respond. Any response will be due on or before September 24, 2026, and is not to exceed five pages. Local Rules CV-7 and 10 otherwise control.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, September 10, 2026.

David Alan Ezra
Senior United States District Judge

[1] The agreement between Lauren Donoho and Hunter Wylie purports to be governed by Oregon law. (See Dkt. # 39-1 at 11.) The parties' briefing, however, appears to assume Texas law controls.