**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| HUNTER WYLIE, *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 1:24-CV-01512-DAE |
| | § | |
| BIG THIRST, INC. and MATT MCGINNIS, | § | |
| *Defendants*. | § | |

**DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

Defendants Big Thirst, Inc. and Matt McGinnis ("Defendants") file this Motion for Leave to Amend Answer and respectfully show the Court as follows:

1. Defendants move under Federal Rule of Civil Procedure 15(a)(2) for leave to file the First Amended Answer attached as **Exhibit A** to conform Defendants' pleading to issues the Court has ordered the parties to brief. A redlined document showing the specific changes Defendants seek leave to make to their Answer is attached as **Exhibit B**.

2. On September 10, 2026, the Court ordered the parties to submit supplemental briefing on three issues. (Dkt. 62.) The Court identified the first two as jurisdictional: whether the amount in controversy exceeds $75,000 to a legal certainty, and whether the previous state court litigation and settlement agreement have a preclusive effect on the claims or issues in this case. *Id.*

3. Defendants' Original Answer pleaded the affirmative defenses of statute of frauds, payment, waiver, unclean hands, and failure to mitigate damages. Although Defendants pleaded in three separate paragraphs that Defendants resolved the current claim in a prior suit with Lauren Wylie Donoho (Dkt. 30, ¶¶ 29–33), Defendants did not plead res judicata by name. The proposed amendment adds res judicata as an affirmative defense in light of the Court's order for supplemental briefing on that issue, and to ensure that Defendants' answer complies with Fed. R. Civ. P. 8(c).

4. Additionally, Paragraph 5 of Defendants' Original Answer states that Defendants admit the allegations of paragraph 5 of the Complaint, which alleges that the amount in controversy exceeds $75,000. (Dkt. 30 ¶ 5; Dkt. 1 ¶ 5.) Subject matter jurisdiction cannot be created by admission, consent, waiver, or estoppel, and Rule 12(h)(3) obligates the Court to address the question whenever it arises. Defendants nevertheless seek leave to amend so that their pleading does not misstate their position on an issue the Court has now directed them to brief.

5. Because the December 26, 2025 deadline for amended pleadings in the Court's scheduling order has passed, Rule 16(b)(4) governs this motion, and the more liberal standard of Rule 15(a) applies only upon a showing of good cause to modify the scheduling order. (Dkt. 28.) *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). The Court considers four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.* Here, those factors favor granting leave to amend.

6. First, the Court ordered the parties to brief the preclusive effect of the previous litigation and the amount in controversy on September 10. 2026. Defendants' current counsel first appeared in this case on March 26, 2026, after the deadline to amend had passed. After considering the issues raised by the Court on September 10, 2026, present counsel moved for leave to amend within one week to conform Defendants' pleading to Defendants' position in the supplemental briefing ordered by the Court. (Dkt. 62.)

7. With respect to the importance of the amendment, the proposed amendment goes directly to two of the three issues on which the Court has ordered supplemental briefing, one of

which the Court identified as jurisdictional. (Dkt. 62.) Defendants should be allowed to conform their pleading to the issues the Court has raised.

8. Additionally, the amendment will not prejudice Plaintiff. The Court vacated the trial date and trial-related deadlines on November 14, 2025, and no trial setting has since been made. (Dkt. 41.) Moreover, discovery has been stayed since September 30, 2025. (Dkt. 37.) The amendment introduces no new facts and requires no additional discovery. Plaintiff has been on notice since September 15, 2025 that Defendants rely on the prior settlement with Ms. Donoho. (Dkt. 30, ¶¶ 30, 32, 33.)

9. Finally, no continuance is necessary because there is no trial setting and discovery is stayed. The Court's September 10, 2026 order already permits Plaintiff to respond to Defendants' supplemental briefing on or before September 24, 2026, and Defendants do not oppose reasonable additional time should Plaintiff request it. (Dkt. 62.)

10. Good cause being shown, Rule 15(a)(2) provides that the Court "should freely give leave when justice so requires." None of the reasons that justify denial is present here: there has been no undue delay, bad faith or dilatory motive, no repeated failure to cure deficiencies by amendments previously allowed, no undue prejudice to Plaintiff, and the amendment is not futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

11. For these reasons, Defendants respectfully request that the Court grant them leave to file the First Amended Answer attached as **Exhibit A**, and grant Defendants such other and further relief to which they may be justly entitled.

Respectfully submitted,

**GREGG LAW, P.C.**
910 West Avenue, Suite #3
Austin, Texas 78701
(512) 522-0702 (Phone)
(512) 727-6070 (Facsimile)

By: */s/ Curran M. Walker*
Peter T. Gregg
State Bar No. 00784174
pgregg@gregglawpc.com
Curran M. Walker
State Bar No. 24101288
cwalker@gregglawpc.com

***ATTORNEYS FOR DEFENDANTS BIG THIRST, INC. AND MATT MCGINNIS***

## CERTIFICATE OF CONFERENCE

On September 17, 2026, counsel for Defendants emailed counsel for Plaintiff regarding the foregoing motion. Plaintiff's counsel responded that Plaintiff opposes the motion.

*/s/ Curran M. Walker*
Curran M. Walker

## CERTIFICATE OF SERVICE

I certify by my signature above that a true and correct copy of the foregoing document was served on the persons as indicated below on September 18, 2026:

Lema Mousilli
Shea N. Palavan
Mousilli Law PLLC
11807 Westheimer Road, Suite 550
PMB 624
Houston, Texas 77077
service@mousillilaw.com

*/s/ Curran M. Walker*
Peter Gregg / Curran M. Walker

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **HUNTER WYLIE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:24-cv-01512-ADA** |
| | § | |
| **BIG THIRST, INC. AND MATT MCGINNIS,** | § | |
| **Defendants.** | § | |

**DEFENDANTS' FIRST AMENDED ANSWER**

Defendants Big Thirst, Inc. and Matt McGinnis file this first amended answer to Plaintiff Hunter Wylie's Original Complaint.

## I. ADMISSIONS & DENIALS

1. Defendants admit the allegations in paragraph 1.

2. Defendants admit the allegations in paragraph 2.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4, but deny Defendants have committed acts of breach of contract and unjust enrichment.

5. Defendants deny the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegation in paragraph 8 that Big Thirst is an e-commerce company for clients in the liquor industry but deny the remaining allegations in paragraph 8.

9. Defendants deny the allegation in paragraph 9.

10. Defendants admit the allegations in paragraph 10, except for the assertion that Mr. McGinnis benefits from Big Thirst's unlawful activities which is denied.

11. Defendants admit the allegations in paragraph 11, except for the assertion that Ms. Donoho received the loan as an officer of Big Thirst, and the assertion that the $50,000 financed all of Big Thirst's initial operations which are denied.

12. Defendants deny the allegations in paragraph 12.

13. Defendants admit the allegations in paragraph 13 that the monthly installments were $1,048.90 and that Defendants failed to make a single payment but deny that Defendants were obligated to pay the principal, interest, fees, charges or any other amount under the Contract and deny Defendants have defaulted under the Contract by failing to pay the amounts due thereunder.

14. Defendants admit the allegation in paragraph 14 that the prevailing party may recover attorney's fees under the Contract but deny the remainder of paragraph 14 including they allegation Defendants are indebted to Plaintiff for anything.

15. Defendants deny the allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 18.

19. Defendants deny the allegations in paragraph 19.

20. Defendants admit the allegation in paragraph 20 that Plaintiff made demand on Defendants but deny re remainder of paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Defendants admit the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants admit the allegations in paragraph 28.

## II. AFFIRMATIVE DEFENSES

29. Defendants assert the affirmative defense of the statute of frauds. There is no writing obligating Defendants under the Contract and Plaintiff's allegations that Defendants assumed the Contract or confirmed their assumption of the Contract under oath are false.

30. Defendants assert the affirmative defense of payment. On information and belief, Lauren Wylie Donoho has fully paid the Contract or loan made the basis of this suit. She certainly should have since she was the borrower and Defendants paid her plenty of money in a prior settlement to pay her debt to Plaintiff many times over.

31. Defendants assert the affirmative defense of waiver. If Plaintiff has not been paid by Lauren Wylie Donoho, he has intentionally relinquished his known right to recover on the Contract or loan made the basis of this suit.

32. Defendants assert the affirmative defense of unclean hands. If Plaintiff has not insisted on payment by Lauren Wylie Donoho or collected thereon, especially after Defendants paid her plenty of money in a prior settlement to pay her debt to Plaintiff many times over, then Plaintiff has unclean hands.

33. Defendants assert the affirmative defense of failure to mitigate damages. If Plaintiff has not insisted on payment by Lauren Wylie Donoho or collected thereon, especially after Defendants paid her plenty of money in a prior settlement to pay her debt to Plaintiff many times over, then Plaintiff has failed to mitigate his damages.

34. Defendants assert the affirmative defense of res judicata. Plaintiff's claims are barred by claim preclusion as a result of the dismissal with prejudice of *Big Thirst, Inc. v. Lauren Wylie Donoho*, Cause No. 1:22-CV-00467 in the United States District Court for the Western District of Texas, Austin Division.

## III. COUNTERCLAIM

35. The Contract or Loan Agreement and Promissory Note made the basis of this suit provides for the recovery of attorney's fees by the non-breaching party. While Defendants are not and were not in any way parties to the Contract or Loan Agreement and Promissory Note, they are entitled to recover their attorney's fees as a non-breaching party.

## IV. PRAYER

36. For these reasons, Defendants ask the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs and Defendants' attorney's fees against Plaintiff, and award Defendants all other relief

the Court deems appropriate.

Dated: September 18, 2026

Respectfully Submitted,

**GREGG LAW, P.C.**
910 West Avenue, Suite #3
Austin, Texas 78701
(512) 522-0702 (Phone)
(512) 727-6070 (Facsimile)

By: */s/ Curran M. Walker*
Peter T. Gregg
State Bar No. 00784174
pgregg@gregglawpc.com
Curran M. Walker
State Bar No. 24101288
cwalker@gregglawpc.com

***ATTORNEYS FOR DEFENDANTS BIG THIRST, INC. AND MATT MCGINNIS***

# **Exhibit B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **HUNTER WYLIE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:24-cv-01512-ADA** |
| | § | |
| **BIG THIRST, INC. AND MATT MCGINNIS,** | § | |
| **Defendants.** | § | |

**DEFENDANTS' ~~ORIGINAL~~ FIRST AMENDED ANSWER**

Formatted: Indent: Left: 0", Right: 0"

Defendants Big Thirst, Inc. and Matt McGinnis file this ~~original~~ first amended answer to Plaintiff Hunter Wylie's Original Complaint.

**I. ADMISSIONS & DENIALS**

1. Defendants admit the allegations in paragraph 1.

2. Defendants admit the allegations in paragraph 2.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4, but deny Defendants have committed acts of breach of contract and unjust enrichment.

5. Defendants ~~admit~~ deny the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegation in paragraph 8 that Big Thirst is an e-commerce company for clients in the liquor industry but deny the remaining allegations in paragraph 8.

9. Defendants deny the allegation in paragraph 9.

10. Defendants admit the allegations in paragraph 10, except for the assertion that Mr. McGinnis benefits from Big Thirst's unlawful activities which is denied.

11. Defendants admit the allegations in paragraph 11, except for the assertion that Ms. Donoho received the loan as an officer of Big Thirst, and the assertion that the $50,000 financed all of Big Thirst's initial operations which are denied.

12. Defendants deny the allegations in paragraph 12.

13. Defendants admit the allegations in paragraph 13 that the monthly installments were $1,048.90 and that Defendants failed to make a single payment but deny that Defendants were obligated to pay the principal, interest, fees, charges or any other amount under the Contract and deny Defendants have defaulted under the Contract by failing to pay the amounts due thereunder.

14. Defendants admit the allegation in paragraph 14 that the prevailing party may recover attorney's fees under the Contract but deny the remainder of paragraph 14 including they allegation Defendants are indebted to Plaintiff for anything.

15. Defendants deny the allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 18.

19. Defendants deny the allegations in paragraph 19.

20. Defendants admit the allegation in paragraph 20 that Plaintiff made demand on Defendants but deny re remainder of paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Defendants admit the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants admit the allegations in paragraph 28.

## II. AFFIRMATIVE DEFENSES

29. Defendants assert the affirmative defense of the statute of frauds. There is no writing obligating Defendants under the Contract and Plaintiff's allegations that Defendants assumed the Contract or confirmed their assumption of the Contract under oath are false.

30. Defendants assert the affirmative defense of payment. On information and belief, Lauren Wylie Donoho has fully paid the Contract or loan made the basis of this suit. She certainly should have since she was the borrower and Defendants paid her plenty of money in a prior settlement to pay her debt to Plaintiff many times over.

31. Defendants assert the affirmative defense of waiver. If Plaintiff has not been paid by Lauren Wylie Donoho, he has intentionally relinquished his known right to recover on the Contract or loan made the basis of this suit.

32. Defendants assert the affirmative defense of unclean hands. If Plaintiff has not insisted on payment by Lauren Wylie Donoho or collected thereon, especially after Defendants paid her plenty of money in a prior settlement to pay her debt to Plaintiff many times over, then Plaintiff has unclean hands.

33. Defendants assert the affirmative defense of failure to mitigate damages. If Plaintiff has not insisted on payment by Lauren Wylie Donoho or collected thereon, especially after Defendants paid her plenty of money in a prior settlement to pay her debt to Plaintiff many times over, then Plaintiff has failed to mitigate his damages.

~~33.~~34. Defendants assert the affirmative defense of res judicata. Plaintiff's claims are barred by claim preclusion as a result of the dismissal with prejudice of *Big Thirst, Inc. v. Lauren Wylie Donoho*, Cause No. 1:22-CV-00467 in the United States District Court for the Western District of Texas, Austin Division.

## III. COUNTERCLAIM

~~34.~~35. The Contract or Loan Agreement and Promissory Note made the basis of this suit provides for the recovery of attorney's fees by the non-breaching party. While Defendants are not and were not in any way parties to the Contract or Loan Agreement and Promissory Note, they are entitled to recover their attorney's fees as a non-breaching party.

## IV. PRAYER

~~35.~~36. For these reasons, Defendants ask the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs and Defendants' attorney's fees against Plaintiff, and award Defendants all other relief

the Court deems appropriate.

Dated: September ~~15~~18, ~~2025~~2026

Respectfully Submitted,

**GREGG LAW, P.C.**
910 West Avenue, Suite #3
Austin, Texas 78701
(512) 522-0702 (Phone)
(512) 727-6070 (Facsimile)

By: */s/ Curran M. Walker*
Peter T. Gregg
State Bar No. 00784174
pgregg@gregglawpc.com
Curran M. Walker
State Bar No. 24101288
cwalker@gregglawpc.com

***ATTORNEYS FOR DEFENDANTS BIG THIRST, INC. AND MATT MCGINNIS*** ~~*/s/ John W. Thomas*~~

~~**JOHN W. THOMAS**~~
~~**State Bar No. 19856425**~~

~~**THOMAS WILLIAMS MCCONNELL PLLC**~~
~~**2104 San Antonio Street**~~
~~**Second Floor**~~
~~**Austin, Texas 78701**~~
~~**Telephone: (512) 495-1447**~~
~~**Email:**~~
~~**jt@twmattorneys.com**~~

~~***ATTORNEY FOR DEFENDANTS***~~

Formatted: Indent: Left: 3"

Formatted: Indent: Left: 3.25"

Formatted: Font: Bold

~~**CERTIFICATE OF SERVICE**~~

~~I certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record listed below via e-mail and through the Court's e-filing portal on September 15, 2025.~~

~~Lema Mousilli~~
~~MOUSILLI LAW, PLLC~~
~~11807 Westheimer Road~~
~~Suite 550, PMB 624~~
~~Houston, TX 77077~~

~~Telephone: (281) 305-9313~~
~~Email: lema@mousillilaw.com~~
~~*Attorney for Plaintiff*~~

~~*/s/ John W. Thomas*~~
~~John W. Thomas~~