**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **HUNTER WYLIE,**<br>***Plaintiff*****,**<br><br>**V.**<br><br>**BIG THIRST, INC. and MATT MCGINNIS,**<br>***Defendants*****.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL CASE NO. 1:24-CV-01512-DAE**<br><br>**(JURY DEMANDED)** |

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEFING REGARDING SUMMARY JUDGMENT**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiff, Hunter Wylie ("**Plaintiff**"), in the above-styled and numbered cause, and respectfully file this *Plaintiff's Response to Defendants' Supplemental Briefing Regarding Summary Judgment* (the "**Response**" to the "**Supplemental Brief**", D.I. 63) in response the Court's Order requesting supplemental briefing (D.I. 62), and, in support thereof, would respectfully show unto this Honorable Court as follows:

# TABLE OF CONTENTS


Table of Contents ..... ii
Table of Authorities ..... iii
**A.** Cases ..... iii
**B.** Statutes ..... iii
I. Introduction ..... 1
A. Amount in Controversy ..... 1
B. Preclusion and Settlement ..... 2
C. Choice of Law, Forum-Selection, and Waiver ..... 4
1. Governing-law framework and scope ..... 4
2. Restitution and § 221 ..... 5
3. Forum-selection and waiver ..... 5
II. Conclusion and Prayer for Relief ..... 6

# TABLE OF AUTHORITIES

## A. Cases

*GardynskiLeschuck v. Ford Motor Co.*,
142 F.3d 955 (7th Cir. 1998) .......... 2
*Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*,
575 F.2d 530 (5th Cir. 1978) .......... 3
*Klaxon Co. v. Stentor Electric Mfg. Co.*,
313 U.S. 487 (1941) .......... 4
*Liberto v. D.F. Stauffer Biscuit Co.*,
441 F.3d 318 (5th Cir. 2006) .......... 3
*Oreck Direct, LLC v. Dyson, Inc.*,
560 F.3d 398 (5th Cir. 2009) .......... 3
*Smith v. Maryland Cas. Co.*,
292 F. Supp. 358 (E.D. La. 1968) .......... 1
*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938) .......... 1
*Taylor v. Sturgell*,
553 U.S. 880 (2008) .......... 3

## B. Statutes

28 UNITED STATES CODE, Section 1332 .......... 1

## I. INTRODUCTION

1. Plaintiff submits this Response addressing Defendants, Big Thirst, Inc.'s ("**Big Thirst**") and Matt McGinnis's ("**Mr. McGinnis**") (collectively, "**Defendants**"), supplemental briefing addressing the Court's three issues set forth in its Order (D.I. 62). As set forth previously in Plaintiffs' supplemental briefing (*see* D.I. 64), the record and controlling standards confirm diversity jurisdiction at filing, no preclusive effect as to Plaintiff, and application of Texas law.

### A. Amount in Controversy

2. Plaintiff's well-pleaded claim controls unless it appears to a legal certainty the claim is really for less than $75,000, and the Fifth Circuit applies the legal-certainty framework when a case is originally filed in federal court. Defendants' "matured-installments only/no acceleration" premise is merits-laden and misapprehends that, at filing, Plaintiff's demand placed the full claimed balance and contractually recoverable charges in controversy under viable theories. Defendants' approach invites a premature merits determination rather than the jurisdictional inquiry *St. Paul* requires, which looks to legal certainty of Plaintiff's claimed amount—not to Defendants' preferred liability theory.[1]

3. Plaintiff's complaint alleged diversity jurisdiction based on principal, accrued interest, and contract late charges then due, which exceed $75,000, exclusive of interest under 28 U.S.C. § 1332 and costs. Notably, Defendants' Original Answer admits the amount in controversy exceeds $75,000, ten (10) days after the Court denied their 12(b)(1) motion.[2] Defendants acknowledge the Note's principal was $50,000, $5,250 interest was added during the initial interest-only period, and the amortized monthly payment of $1,048.90 began August 1, 2023. Defendants also concede the Note imposes a two percent (2%) late charge on late payments and contains no acceleration. Plaintiff's supplemental filing details that, by November 2024, the total owed was approximately $77,599,

[1] *See Smith v. Maryland Cas. Co.*, 292 F. Supp. 358, 359 (E.D. La. 1968).
[2] *C.f.* D.I. at 1, ¶ 5 & D.I. 30 at 1, ¶ 5; *see also* this Court's September 5, 2025 Text Order.

exclusive of attorneys' fees and court costs.

4. Defendants' "matured installments only" theory goes to merits liability, not the jurisdictional amount, because the Note's bargained-for late charges and accrued contractual interest on unpaid amounts were in controversy at filing, without any need for acceleration. Counting the bargained-for late charges does not require acceleration and is independent of the matured-installment tally. Defendants' own calculations limit the amount to $18,187.96 only by improperly excluding the agreed-upon late charges and erroneously treating the balance as if the Note could never trigger charges on delinquent amounts already past due at filing. However, that framing does not establish to a legal certainty that less than $75,000 was at stake when the suit commenced, nor does it refute Plaintiff's clear calculation based on the plain language of the Note.

5. Defendants acknowledge attorneys' fees may count toward the amount in controversy, but urge a "fees-incurred-as-of-filing only" approach by relying on non-binding *Gardynski-Leschuck* and distinguishing contrary Ninth Circuit law, Defendants argue Plaintiff had no more than $5,000 incurred at filing. Even accepting Defendants' erroneous attorneys' fees position, jurisdiction does not depend on post-filing fees because Plaintiff's principal, accrued interest, and contract late charges independently exceed the threshold at the outset. Defendants cite a declaration referencing no more than $5,000 in fees incurred pre-filing, but their own brief recognizes a circuit split on future fees. Regardless, Plaintiff's non-fee components already exceed $75,000. Plaintiff's attorneys' fees included in the calculation are those recoverable by law and actually incurred as of filing, consistent with Defendants' own characterization; any remaining dispute goes to quantum, not category.

## B. <u>Preclusion and Settlement</u>

6. Defendants' claim-preclusion and issue-preclusion arguments fail. As noted in Plaintiff's prior supplemental brief, the prior case ended via settlement which expressly states that Plaintiff "is not a party to this Agreement and he is not hereby waiving or releasing claims he may have, if any,"

and reiterates that carve-out in a separate section. Defendants argue private parties cannot contract around claim preclusion, but their own cited framework requires identity of parties (or qualifying privity), a final judgment, and the same claim. Federal common law governs preclusion, with strict limits on the binding of non-parties and on issue preclusion from settlements. Defendants' invocation of *Taylor* and privity fails because the settlement expressly carved out Plaintiff's claims and no material issue was actually litigated to judgment as to Plaintiff.

7. Further, Defendants' argument based on *Oreck* fails because the dispositive question is the transactional test—whether the cases share the same nucleus of operative facts—not generalized 'intent' divorced from record context. Their cited Rule 41 stipulation 'with prejudice of all claims and counterclaims that were or could have been asserted' contains no reservation, but only triggers claim preclusion if the claims arise from the same transaction—something not shown here. *Liberto* is inapposite on Defendants' own terms because the judgment there expressly incorporated the settlement, but no such incorporation exists here. *Kaspar* addresses issue, not claim, preclusion. The correct inquiry remains whether this suit arises from the same nucleus of operative facts – it does not.

8. There is no identity of parties as to Plaintiff and any exception to *Taylor's* firm limits on non-party preclusion—such as substantive legal relationships—must be applied narrowly, and Defendants' privity theory is incompatible with the settlement's plain terms expressly excluding Plaintiff and preserving Plaintiff's claims. Defendants assert privity simply because Plaintiff and Mrs. Donoho are parties to the Note – which is incorrect, in the first instance, in view of Mrs. Donoho having signed as agent for Defendant Big Thirst, and contend any payment here would reduce Mrs. Donoho's obligation to Plaintiff. Defendants further note Defendant McGinnis had no communications with Plaintiff until years after the Note, but that is not the test. The settlement's express carve-out clearly confirms the parties did not intend to bind or release Plaintiff's claims, defeating the premise Plaintiff stood in privity for preclusion purposes in that judgment. Defendants

recite the carve-out language and admit it addresses what the settling parties surrendered while incorrectly arguing preclusion is solely an attribute of judgment. Here, identity/privity is not met.

9. Issue preclusion also fails, as settlements and consent dismissals typically do not satisfy "actually litigated" and "necessarily decided" absent clear intent. The prior matter ended in a settlement and dismissal with prejudice, not a judgment actually litigating and deciding issues material to Plaintiff's current claims, and Defendants point to no adjudication of Plaintiff's rights – because no such adjudication occurred. Defendants contend Mrs. Donoho pleaded entitlement to the same $50,000 and resolved her claim by stock repurchase and sanctions forgiveness, but that only underscores that her personal claims were settled and dismissed, not that Plaintiff's distinct claims were actually litigated and decided. Because Plaintiff was not a party, was expressly carved out of the settlement, and no issue as to him was actually litigated, neither claim nor issue preclusion applies.

### C. <u>Choice of Law, Forum-Selection, and Waiver</u>

#### *1. <u>Governing-law framework and scope</u>*

10. Texas conflicts rules apply on an issue-by-issue basis. Defendants invoke Texas choice-of-law principles, citing the Restatement approach and recognizing that courts apply the law of the state with the most significant relationship to the particular issue. They agree the Note between Plaintiff and Mrs. Donoho (who acted as agent for Defendant Big Thirst) includes an Oregon governing-law clause "as between the parties who made it," but contend Defendants were not signatories to that Note. For any alleged assumption by Defendants, Texas applies Restatement § 188's most-significant-relationship test. Defendants contend that each § 188 contact points to Texas: the alleged assumption in Texas by a Texas domiciliary for a Texas corporation, funds used in Texas and deposited in a Texas account, and communications to which Plaintiff was not a party. Under *Klaxon* and Texas law, courts apply the Restatement; contract issues between signatories may follow § 187, but non-signatory contract claims look to § 188, and restitution to § 221, focusing on the place of

performance/receipt of benefit and the center of the relationship—here, Texas. On this record, Texas law governs any non-signatory contract issue and all restitutionary theories.

***2. Restitution and § 221***

11. Defendants argue restitution is governed by Restatement § 221 and emphasize that the key contact is where the defendant received the benefit. Defendants assert any benefit was received in Texas, with additional § 221 contacts likewise pointing to Texas. The same Texas-centered facts confirm Texas law governs Plaintiff's unjust enrichment claim, if reached.

***3. Forum-selection and waiver***

12. Even assuming Defendants could invoke an Oregon forum clause, they waived it. Forum-selection clauses are contractual rights that may be waived by substantial invocation of a non-chosen forum inconsistent with an intent to enforce the clause. The Fifth Circuit recognizes waiver based on litigation conduct; courts decline to enforce clauses *sua sponte* after waiver and prejudice. Plaintiff's brief cites Fifth Circuit authority on waiver standards and district court applications and details Defendants' litigation conduct in this Court over nearly two (2) years—motions to dismiss, answer, cross-motions for summary judgment, and hearing requests—without moving to transfer or otherwise invoking the Oregon forum clause. Plaintiff further argues waiver and prejudice preclude enforcement, including *sua sponte* enforcement by the Court. Defendants' substantial merits litigation is inconsistent with any intent to enforce a forum-selection clause and constitutes waiver. The Court should decline to enforce any forum clause, especially after full merits briefing and discovery.

13. Defendants' supplemental brief cites general conflicts principles but does not supply controlling authority requiring Oregon law here or undermining waiver. They rely on Texas's adoption of Restatement § 187 (party-agreed choice of law) and § 188 (no agreed choice), and on § 221 for restitution contacts, which support applying Texas law to non-signatory obligations and restitution claims on these facts.

## II. CONCLUSION AND PRAYER FOR RELIEF

14. The Court should hold that: (1) the amount in controversy exceeded $75,000 at filing under the legal-certainty test, counting principal, accrued interest, and contractual late charges; (2) neither claim nor issue preclusion bars Plaintiff's claims because Plaintiff was not a party, the settlement expressly carved out his claims, and no issue was actually litigated as to him; and (3) Texas law governs the non-signatory and non-contract theories, with any Oregon forum-selection right waived by Defendants' litigation conduct, with no basis for *sua sponte* enforcement after waiver and prejudice. Plaintiff therefore requests the Court find diversity jurisdiction satisfied, reject Defendants' preclusion defenses, apply Texas law, deny Defendants' motion, and grant Plaintiff's motion for summary judgment.

DATED: September 24, 2026

Respectfully submitted,

**MOUSILLI LAW, PLLC**

BY: */s/ Shea N. Palavan*

Shea N. Palavan
TX Bar No. 24083616
Lema Mousilli
TX Bar No. 24056016
11807 Westheimer Road
Suite 550, PMB 624
Houston, Texas 77077
Tel: (281) 305-9313
service@mousillilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served to counsel of record, in accordance with the governing rules of procedure regarding service on this September 24, 2026, via electronic filing manager as follows:

Peter T. Gregg
Curran M. Walker
**GREGG LAW, P.C.**
910 West Avenue, Suite #3
Austin, Texas 78701
Tel.: (512) 522-0702
Fax: (512) 727-6070

*Attorneys for Defendants,*
*Big Thirst, Inc. and Matt McGinnis*

*/s/ Shea N. Palavan*
Shea N. Palavan